ELIZA J. SWETT *versus* PELEG SPRAGUE.

Where a public law has, in accordance with its provisions, been legally adopted by a city council, such an adoption of a subsequent Act amendatory of the former, is not essential, unless its provisions expressly require it.

The provisions of c. 177 of the Public Laws of 1860, abating nuisances, as amended by c. 187 of the Public Laws of 1863, requiring the notice therein provided to be published "three weeks successively" in a certain newspaper, is complied with, when such notice was published in the weekly issue of such paper, dated the 15th, 22d and 29th, respectively, of the same month, although the hearing under such notice was to take place on the 30th.

The order of notice provided by this statute, passed at a legal meeting of the mayor and aldermen, is legal when the record shows that the mayor was present and participated in the proceedings; no separate action of the mayor being necessary.

This statute requires no complaint to be made, but it is competent for the mayor and aldermen to act upon their own previous observation and knowledge of the unsafe condition of the building.

And, if the notice ordered at the time of adjudication fails of service, a new notice may be ordered and served, without commencing proceedings anew.

Chapter 177 of the Public Laws of 1860, and c. 187 of the Public Laws of 1863, are constitutional.

ON REPORT.

TRESPASS QUARE CLAUSUM, for breaking and entering plaintiff's close and tearing down a brick building situated in the city of Bath, and owned by the plaintiff in common with ten others, some of whom resided without this State.

The defendant justified under an order from the mayor and aldermen of the city of Bath, and put in the records of the city, together with the proof of the dilapidated condition of the building. The facts are sufficiently stated in the opinion.

*Tallman & Larrabee*, for the plaintiff.

*Gilbert*, for the defendant.

WALTON, J.—An Act of the Legislature passed in 1860, (chap. 177,) provides that whenever the mayor and aldermen of any city, or the selectmen of any town, after due notice to the owner of any burnt, dilapidated, or dangerous building, shall adjudge the same to be a nuisance to the neighborhood, or dangerous, they may cause it to be removed. This case involves the validity of proceedings under this Act.

May 6, 1863, the mayor and aldermen of the city of Bath, ordered notice to the owners of a dilapidated building to appear before them on the 30th of May, 1863, and show cause, if any they had, why the same should not be adjudged a nuisance and dealt with accordingly. No one appearing to object, the building was adjudged a nuisance, and notice was ordered to the owners to remove it. The service of this notice was defective, and on the 15th of July, 1863, new notice was ordered requiring the owners to remove the building on or before the 15th of August. This notice was duly served, but the owners neglected to make the removal. Aug. 21, 1863, the defendant, (then street commissioner,) was directed to remove it. He commenced August 24, 1863, and completed the removal in three or four days. The plaintiff claims that these proceedings were

irregular and illegal, and do not justify the defendant. Several objections are interposed to the sufficiency of the notice.

1. One objection is, that the Act of 1863, (chap. 187,) which provides that notice may be given by publication in a newspaper, was never adopted by the city of Bath. The Act of 1860 contained a provision that it should not be in force in any town or city unless adopted by the inhabitants of the town or the city council of the city; but the Act of amendment, passed in 1863, contains no such provision. Being a public Act, it would take effect by its own force, and no vote of acceptance was necessary. The original Act was accepted by the city of Bath.

2. Another objection is that the notice was not published "three weeks successively," as the statute requires, because the last of the three publications was only one day before the time appointed for the hearing. The notice was published on the 15th, 22d and 29th of May, and the time appointed for the hearing was the 30th. Certainly the notice was published "three weeks successively," and all three of the publications being before the day appointed for the hearing, we think the statute was complied with, that it was not necessary that a full week should intervene between the last publication and the time of hearing.

3. Another objection is that the notice "eminated only from the board of aldermen without any action of the mayor." The order of notice was passed at a regular meeting of the mayor and aldermen. The record shows that the mayor was present and took part in the proceedings. No separate action of the mayor was necessary. The objection is not sustained.

4. Another objection to the regularity of the proceedings is that it was not competent for the mayor and aldermen to act without a complaint. The case does not show whether any complaint was made to them or not. Nor is it material. The statute requires no complaint, and we think it was competent for them to act upon their own pre-

vious observation and knowledge of the unsafe condition of the building.

5. Another objection is that the failure to give notice, as ordered at the time of the adjudication, that the building was a nuisance, put an end to the power of the mayor and aldermen to act further in the matter, and that the order for new notice, made some fifteen days after, was illegal and void. No reason is perceived why a new order of notice could not be made as well as the first. To require proceedings to be commenced anew in such a case would create unnecessary expense and delay, and be of no advantage to any one. This objection cannot prevail.

6. Another objection to the validity of the proceedings is that the Acts of the Legislature authorizing them is unconstitutional. We see nothing unconstitutional in the Acts. The point taken, that they deprive the owners of the building of a trial by jury, is not true in fact.

The statutes contain ample provisions for such a trial.

Our conclusion is that the statutes under which the proceedings were had are valid; that the proceedings themselves were regular and in conformity with the statute requirements; and that the defendant's justification is established. *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.