HENRY ATKINS, PLAINTIFF IN ERROR, V. REBECCA ATKINS, DEFENDANT IN ERROR.

1. **Divorce:** PRACTICE. The affidavit for service by publication in a divorce case is jurisdictional, and unless it conform substantially to the statutory requirements the court will not acquire jurisdiction.

2. ———: ———: JURISDICTION. When it appears that the defendant cannot be served with process in the state, the records in the absence of an appearance must show how jurisdiction was acquired.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The opinion states the case.

*Marquett & Courtnay*, for plaintiff in error.

The motion to open up the judgment and decree under section 82 of the code of civil procedure, is overruled by the court; and the last motion filed is sustained, the court holding that the affidavit for publication of the summons was defective, and that the court thereby had acquired no jurisdiction of the defendant. This amounts to an indirect or collateral attack on the judgment and decree originally rendered. This cannot be allowed by motion, for it gives the plaintiff no " day in court," no opportunity to be heard with evidence, and to cross-examine witnesses, etc. Such an attack must be by original bill in equity. *Clark v. Hotailing*, 1 Neb., 436. *Dorente v. Sullivan*, 7 Cal., 279. *The Bank v. Labitut*, 1 Woods, 11. *Fries v. Fries*, 1 McArthur, 291. *Claypool v. Houston*, 12 Kansas, 324. If the court had no *jurisdiction* the whole proceedings were void, and court had no power to rule the parties to plead or do anything beyond annulling the decree, and that not on motion, but only in a proper case in equity. *Lickens v. McCormick*, 39 Wis., 313. *Durrah v. Watson*, 36 Iowa, 116. The most that can be said is that there was irregularity in the mode of service; but no advantage could be taken of that fact except by appeal or error. *Forbes v. Hyde*, 31 Cal., 342. *Lessee of Fowler v. Whiteman*, 2 Ohio St., 270. *Wright v. Marsh*, 2 G. Green (Iowa), 94. *Stevenson v. Bonesteel*, 30 Iowa, 286. *Shawhan v. Loffer*, 24 Iowa, 218. *Myers v. Davis*, 47 Iowa, 325, and authorities there cited. *Moomey v. Maas*, 22 Iowa, 308. *Ballinger v. Tarbell*, 16 Iowa, 492. *Whitewell v. Barbier*, 7 Cal.,

54.  *Beech v. Abbott*, 6 Vt., 586.  *Matter v. Clark*, 3 Denio, 167.  The record shows that the matter of jurisdiction was considered and determined by the court, and a solemn decree of the court entered upon the record finding the fact of jurisdiction and of legal service of the summons by a proper publication according to law.  This forever settles the question of service, excepting on review by appeal or error.  Freeman on Judgments, Secs. 130 to 135 inclusive.

*J. R. Webster* and *J. H. Foxworthy*, for defendant in error.

A court of equity, in case of a divorce obtained by publication and without actual notice, may, and should upon motion, annul its decree and admit defense. *Adams v. Adams*, 51 N. H., 338.  *Crouch v. Crouch*, 30 Wis., 667.  *Brown v. Brown*, 58 N. Y., 609.  *Young v. Young*, 17 Minn., 181.  *Allen v. Maclellan*, 12 Penn. St., 329.  In cases of constructive service, if the statutory *mode* of vesting jurisdiction is not pursued, the judgment, though pronounced and entered of record, is a nullity, and want of jurisdiction may be availed of at any time before or after judgment however questioned in a direct or collateral proceeding.  Wade on Notice, Section 1371.  *Knox v. Miller*, 18 Wis., 397.  *Webster v. Reed*, 11 How., 437.  *Rape v. Heaton*, 9 Wis., 328. *Northrup v. Shepherd*, 23 Wis., 513.  *Senichka v. Lowe*, 74 Ill., 274.  *Falkner v. Guild*, 10 Wis., 563.  *Pollard v. Wagener*, 13 Wis., 569.  *Jurgulewiz v. J.*, 24 La. Am., 77.  *Borden v. Fitch*, 15 Johns., 141.  *Towsley v. McDonald*, 32 Barb., 604.  *Riley v. Nichols*, 1 Hcisk, 16.

In notice by publication the affidavit for publication of service is jurisdictional, and before jurisdiction can be acquired such affidavit must be filed as brings the cause within the statutory requirements for this form

of constructive service. The affidavit is the foundation of the jurisdiction and the means by which the court by this kind of service obtains jurisdiction. The affidavit must state the probatory facts of residence and of subject matter of the suit, not mere conclusions, or jurisdiction is not obtained. Wade on Notice, §§ 1033, 1035, 1042–3, 1371, 1379. *Claypool v. Houston*, 12 Kan., 324. The suit against an absent party is essentially *ex parte*, and at the least the plaintiff should strictly comply with the rules of procedure before judgment. *McMinn v. Whelan*, 27 Cal., 300. *Edmington v. Allebrook*, 21 Tex., 186. And if it appear by record (as in this case) that the court had never jurisdiction over the person of defendant to dissolve her status of marriage, the judgment will be pronounced a nullity, whether it comes directly or collaterally in question. *Coit v. Haven*, 30 Conn., 190. *Penobs. R. R. Co. v. Weeks*, 52 Me., 456. *Hess v. Cole*, 23 N. J. L., 116. *Mills v. Dickson*, 6 Rich. (S. C.), 487. If the necessary notice has not been given or process has not been served, the court has no authority to act, and all its proceedings are absolutely void. *Goudy v. Hall*, 30 Ill., 109. *Wort v. Finley*, 8 Blackf., 335. *Downs v. Fuller*, 2 Metc. (Mass.), 135. *Outhwite v. Porter*, 13 Mich., 533.

MAXWELL, CH. J.

On the 8th day of August, 1873, the plaintiff filed a petition for a divorce from the defendant in the district court of Lancaster county, and on the same day filed the following affidavit to obtain service by publication:

" STATE OF NEBRASKA, } ss.
  Lancaster County, }

"Henry Atkins, being first duly sworn, on oath says: That he is the plaintiff in the above entitled action;

that service of summons cannot be made within this state on the defendant, Rebecca Atkins, on whom service by publication is desired, and that this cause is one mentioned in section No. 77 of title V of the Revised Statutes of Nebraska as amended.

"HENRY ATKINS.

"Subscribed in my presence and sworn to before me this 8th day of August, 1873.

"C. J. GREENE,

"Justice of the Peace."

Upon filing the affidavit the plaintiff caused the following notice to be published:

"*Legal Notice.*

"In the district court, 2d judicial district, held in and for Lancaster county, Nebraska:

"Henry Atkins, Plff. ⎫
　　v.　　　　　　　⎬
Rebecca Atkins, Deft. ⎭

"To Rebecca Atkins, defendant: You will please take notice that on the 8th day of August, A.D. 1873, the said Henry Atkins, plaintiff, filed in the district court of the 2d judicial district, held in and for Lancaster county, Nebraska, his petition, charging that you have been willfully absent from him for more than two years last past, and praying that the bonds of matrimony now existing between you and him may be dissolved, and that the care and custody of your child, Martha Irene, may be awarded to him, and for such other and further relief as in equity and good conscience he may be entitled to. You are further notified that unless you appear and answer his said petition on or before the third Monday after August 29, his said petition will be taken as true, and the relief prayed for granted.

"HENRY ATKINS," etc.

The first publication of the notice was on the 15th

of August, 1873.   On the 6th day of November, 1873, the following decree was entered in the district court.

"Thereupon this cause came on for hearing upon the petition and testimony, and was argued by counsel.   On consideration whereof the court does find that due notice of the filing and pendency of this petition was given to the said defendant according to law. And the court doth further find that the said defendant has been willfully absent from the said petitioner more than three years last past prior to the filing of said petition.   It is therefore adjudged and decreed that the marriage relation heretofore existing between the said parties be and the same is hereby set aside and wholly annulled, and the said parties wholly released from the obligation of the same; and it is further ordered that the custody, nurture, education, and care of the child, Martha Irene, born to said parties during said marriage, be and the same is hereby given to the said petitioner, and the said defendant is forever enjoined from interfering with or disturbing said petitioner in the custody," etc.

On the 29th of May, 1878, the defendant filed the following motion in said court:

"Henry Atkins  ⎫
        v.         ⎬ Motion.
Rebecca Atkins. ⎭

"And now comes the defendant and moves the court to vacate, open, and set aside the judgment herein rendered on the 6th day of November, A.D. 1873, upon the ground that judgment was rendered without other service than by publication in a newspaper, and during the pendency of the action defendant had no actual notice in time to appear and defend, and applicant now files her answer and affidavit herein as by law required."

The defendant at the time of filing the above motion

also filed an answer to the plaintiff's petition, and an affidavit duly verifying the same.

On the 2d day of June, 1878, the defendant filed a supplemental motion, alleging that the service by publication was not sufficient to give the court jurisdiction, because

*First*, The affidavit for publication does not show any fact but conclusions of law only; because it does not set forth that the defendant is a non-resident of the state of Nebraska, or had departed therefrom, etc.

*Second*, Because the cause of action set forth in the affidavit is not one provided for by § 77 of the code.

*Third*, The notice did not notify the defendant when to appear and answer.

*Fourth*, Because the defendant could not have been required to answer before the 29th day of September, 1873.

*Fifth*, Because the notice does not notify the defendant that plaintiff's residence is in Lancaster county.

On the 21st day of June, 1878, the court rendered the following judgment:

" This matter coming on to be determined upon the motion heretofore first filed, to open the judgment herein appearing to have been rendered and entered of record because that service was had by publication within five years next prior to the filing of said motion, and that defendant had no notice of this proceeding prior to the rendition of the decree herein; and also to be determined upon the motion of the defendant as amended and enlarged as subsequently filed; and the court finds the facts to be that the defendant had no notice or actual knowledge of the pending of this suit in time to appear and defend thereto, or yet prior to the 6th day of November, A.D. 1873, the date of decree, but the court further finds as a conclusion of law, that section 82 of the code of civil procedure does not apply

to proceedings of divorce, and that the court has no jurisdiction to open or annul the decree upon that ground.  *    *   The court finds upon the record that there has never been jurisdiction acquired by the court of the subject matter, or the person or marriage status of the defendant, to render such decree, because of the defect of an affidavit for service by publication as well as the insufficient publication notice, and publication of the notice, and that no decree or judgment in any way concluding or affecting the rights of the defendant has been made with any jurisdiction so to do.   And that the decree herein entered of record ought not to be or remain of record or held to be valid.   And thereupon the motion of the defendant as amended and last filed is sustained, and the decree and judgment herein recorded and entered the 8th day of November, A.D. 1873, is annulled, set aside, and ordered to be cancelled and held for nought."

The plaintiff brings the cause into this court by petition in error, the defendant filing a cross petition in error.

The first question presented . is the jurisdiction of the court rendering the decree of divorce.

Section 10 of the chapter on divorce and alimony (Gen. Stat., 346) provides that " a petition for divorce, alimony, and maintenance may be exhibited by a wife in her own name as well as a husband; and in all cases the respondent may answer such petition without oath; and in all cases of divorce, alimony, and maintenance, when personal service cannot be had, service by publication may be made as provided by law in other civil cases under the code of civil procedure."

Section 77 of the code provides in what cases service by publication may be made.   Section 78 provides that " before service can be made by publication, an affidavit must be filed that service of a summons can-

not be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section." Section 79 provides that publication must be made for four consecutive weeks. * * It must contain a summary statement of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or persons thus to be served *when they are required to answer.*

Section 80 provides that service shall be complete when it shall have been made in the manner and for the time prescribed in the preceding action. (Gen. Stat., 535, 536.)

The cases referred to in Section 77 of the code, where service may be made by publication, relate solely to property.

In *Shields v. Miller*, 9 Kan., 390, the affidavit for publication was as follows: "Andrew Ellison, attorney for plaintiff in the above entitled case, being first duly sworn, deposeth and saith: that on the said 18th of July, 1862, the said Benjamin L. Riggins filed a petition against said Charles P. Bullock and Rowena Bullock, defendants, praying that certain lands situate in said county may be decreed to be sold to satisfy a mortgage given by the said Charles P. Bullock and Rowena Bullock to said Riggins, to secure the payment of a certain sum of money in said note and mortgage mentioned; and the said Andrew Ellison, as attorney and agent for said Riggins, further saith that said Charles P. Bullock and Rowena Bullock have removed from the state of Kansas, and now live in the state of Missouri, as said Andrew Ellison verily believes, and are non-residents of the state of Kansas, and that the service of summons on the said Charles P. Bullock and Rowena Bullock ——— within the state of Kansas," etc. The court held that "the affi-

davit is the foundation upon which jurisdiction is obtained." And that the defect in the affidavit was fatal to the proceedings in foreclosure, and that the judgment could be attacked collaterally.

In *Slocum v. Slocum*, 17 Wis., 150, it was held that an affidavit for the service of summons by publication against a sole defendant, which states " that the action is for an accounting between the parties, and to remove a cloud upon the plaintiff's title to real estate, which the defendant claims to hold under a marshal's sale upon execution, while the plaintiff claims that the execution was fully paid before the sale, does not show that a cause of action exists against the defendant," and was not sufficient to authorize service by publication.

In *Forbes v. Hyde*, 31 Cal., 342, it was held that the existence of a cause of action against the defendant is a jurisdictional fact, which must be made to appear before an order of publication of summons can be made, and if it does not appear by the affidavit, the order is *void*. In that case proceedings in foreclosure were instituted against one Harris and others. Harris being a non-resident of the state, an affidavit was filed by the attorneys for the plaintiff, tending to show that Harris was a non-resident of the state. About four months after filing the affidavit an order of publication was had upon that affidavit, and a decree and sale of the mortgaged premises. In an action of ejectment to recover possession of the premises under the foreclosure it was held that the decree of foreclosure was void.

The rule may be stated thus: If there is a total want of evidence upon a vital point in the affidavit, the court acquires no jurisdiction by publication of the summons; but where there is not an entire omission to state some material fact, but it is insufficiently set forth, the proceedings are merely voidable.

It is strenuously urged by the plaintiff that as the record of the judgment recites due notice of the filing and pendency of the petition according to law, that that finding is conclusive, and cannot be inquired into in this proceeding; that the record imports absolute verity, and cannot be impeached.

In *Starbruck v. Murray*, 5 Wend., 148, Marcy, J., says: "It (the record) imports perfect verity, it is said, and the parties to it cannot be heard to impeach it. It appears to me that this proposition assumes the very fact to be established, which is the only question in issue. For what purpose does the defendant question the jurisdiction of the court? Solely to show that its proceedings and judgments are void, and therefore the supposed record is not in truth a record. If the defendant had not proper notice of and did not appear in the original action, all the state courts, with one exception, agree in opinion that the paper introduced as to him is no record; but if he cannot show, even against the pretended record, that fact, on the alleged ground of the uncontrollable verity of the record, he is deprived of his defense by a process of reasoning that is to my mind little better than sophistry. The plaintiffs in effect declare to the defendant: the paper declared on is a record because it says you appeared, and you appeared because the paper is a record. This is reasoning in a circle. The appearance makes the record uncontrollable verity, and the record makes the appearance an unimpeachable fact. The fact which the defendants put in issue (and the whole current of state court authority shows it to be a proper issue) is the validity of the record. * * Unless a court has jurisdiction it can never make a record which imports uncontrollable verity to the party over whom it has usurped jurisdiction, and he ought not, therefore, to be estopped by any allegation in that rec-

ord from proving the truth of any plea alleging a want of jurisdiction." This language was cited and approved by the supreme court of the United States in *Harris v. Hardeman*, 14 How., 336. But whatever the rule may be as to judgments, where the mode of service is not set out in the record, it has no application to cases of constructive service. In such cases all the material requirements of the statute must appear on the face of the record to render the judgment valid. · *Hallet v. Righters*, 13 How. Pr., 43. *Boyland v. Boyland*, 18 Ill., 552. *Bromfield v. Dyer*, 7 Bush, 505. The reason is that the process of the court cannot lawfully extend beyond the limits of the state into another jurisdiction; therefore, unless the record shows an appearance of the defendant it must show *how* the jurisdiction was acquired.

An action for a divorce is in its nature a proceeding *in rem*. 2 Bishop on Marriage and Divorce, sections 165, 199 *b*, 199 *c*, 755. 2 Smith's Lead. Cas. (6th Ed.), 689. Freeman on Judgments, § 584. The action can only be maintained by a party who has resided in this state at least six months, unless the marriage was solemnized in this state, and the applicant shall have continued to reside therein from the time of the marriage until the time of filing the complaint. The court, in acting in the premises, merely determines the *status* of the parties to the suit. And it is this power that authorizes the court in a proper case upon constructive service, to render a decree against a non-resident who may not have the slightest knowledge of the residence of the plaintiff. How important, then, that the statute be substantially complied with! It is urged that the defendant has entered an appearance in the action by filing an answer. While this is true, it does not breathe life into the decree, and can only affect subsequent proceedings. As there is no error in the judgment of the

court below in holding the affidavit void, the judgment is affirmed.

JUDGMENT AFFIRMED.