JAMES E. FULTON ET AL., PLAINTIFFS IN ERROR, v. JOHN H. LEVY, DEFENDANT IN ERROR.

1. **Mortgage Foreclosure**: SERVICE BY PUBLICATION: AFFIDAVIT. In an action to foreclose a mortgage of real estate, when service upon the defendants by publication is desired, an affidavit in the following form, *Held*, Sufficient: " Byron Reed, being first duly sworn, says he is the agent for the plaintiff in the above entitled action, who is now absent from said Douglas County. That on the 29th day of August, 1876, the said plaintiff com-

menced his civil action in said District Court for Douglas County, Nebraska, by filing therein his petition against the defendants above named, praying that certain lands situate in Douglas County, and in said petition particularly described, may be decreed to be sold to satisfy certain mortgages given by the said Emma Williams to said plaintiff, to secure the payment of a certain sum of money therein named; and the said Emma Williams has since conveyed the said premises to the said Eliza Whalen; and affiant further says that service of a summons cannot be made upon the said Emma Williams and Eliza Whalen within said state of Nebraska. That this affidavit is made for the purpose of obtaining service upon them by publication, this cause being one of those mentioned in section 77 of the Code of Civil Procedure of the General Statutes of Nebraska, to-wit: Being for the sale of real property under a mortgage; and further affiant saith not."

2. ———: ———: ———. Where there is a total failure to state a material fact in the affidavit, the court will acquire no jurisdiction by publication of the notice; but where there is not an entire omission to state such fact, but it is not fully set forth, the proceedings are not void but merely voidable.

3. ———: EJECTMENT. Whether ejectment will lie against the mortgagee in possession under a proceeding in foreclosure, claimed to be void, without tendering the amount of the mortgage debt less the rents and profits, *Quaere*.

Error to the district court for Douglas county. Tried below before WAKELEY, J.

*G. W. Shields*, for plaintiff in error.

*W. J. Connell*, for defendant in error.

MAXWELL, CH. J.

This is an action of ejectment brought by the plaintiff against the defendant to recover the possession of lots 6 and 7 in block 233 in the city of Omaha. On the trial of the cause in the court below a verdict was returned in favor of the defendant, upon which judgment was rendered.

The testimony shows that in October, 1867, one Emma

Williams, who then owned said lots, executed to the defendant a promissory note in the sum of $1,000, and on May 1st, 1868, a second note in the sum of $600, and to secure the payment of said notes executed two mortgages upon the lots in question; that afterwards said Emma Williams conveyed her interest in said lots to one Eliza Whalen; that in 1876 the defendant brought an action against Emma Williams and Eliza Whalen to foreclose said mortgages. Service was had by publication, and a decree of foreclosure and sale rendered, a sale had and confirmed, and a deed made to the purchaser.

The plaintiffs claim that said foreclosure proceedings were void, because the affidavit for publication was insufficient.

The affidavit was as follows:

"STATE OF NEBRASKA,

IN DISTRICT COURT, DOUGLAS COUNTY.

JOHN H. LEVY,
    *Plaintiff*,
        vs.                          *Affidavit for Publication.*
EMMA WILLIAMS,
ELIZA WHALEN,
    *Defendants.*

STATE OF NEBRASKA, } ss.
    *Douglas County.* }

"Byron Reed, being first duly sworn, says he is agent for the plaintiff in the above entitled action, who is now absent from said Douglas County; that on the 29th day of August, A. D. 1876, the said plaintiff commenced his civil action in said District Court for Douglas County, Nebraska, by filing therein his petition against the defendants above named, praying that certain lands situate in Douglas County, and in said petition particularly described, 'may be decreed to be sold to satisfy certain mortgages given by the said Emma Williams to said plaintiff, to secure the payment of a certain sum of money therein named, and the

said Emma Williams has since conveyed said premises to the said Eliza Whalen. And affiant further says that service of a summons cannot be made upon said Emma Williams and Eliza Whalen within said state of Nebraska, and that this affidavit is made for the purpose of obtaining service upon them by publication.

"This case being one of those mentioned in section 77 of the Code of Civil Procedure of the General Statutes of Nebraska, to-wit, being for the sale of real property under a mortgage.

"And further affiant saith not.

BYRON REED.

" Subscribed in my presence and sworn to before me this 29th day of August, A. D. 1876.

WM. H. IJAMS, *Clerk*."

Section 78 of the code of civil of procedure provides that "Before service can be made by publication, an affidavit must be filed that service of a summons cannot be made in the state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section. When such affidavit is filed the party may proceed to make service by publication."

Section 77 provides that "Service may be made by publication in either of the following cases: *First.* In actions brought under the fifty-first, fifty-second and fifty-third sections of this code (recovery of real property, partition thereof, foreclosure of real estate mortgage and specific performance of real estate contracts), where any or all of the defendants reside out of the state. *Second.* In actions brought to establish or set aside a will, where any or all of the defendants reside out of the state. *Third,* In actions brought against a non-resident of this state, or a foreign corporation, having in this state property or debts owing to them, sought to be taken by any of the provisional remedies, or to be appropriated in any way. *Fourth.* In actions which relate to, or the subject of which

31

is real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a non-resident of the state or a foreign corporation. *Fifth.* In all actions where the defendant being a resident of the state has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors or to avoid the service of summons, or keeps himself concealed therein with like intent."

It will be seen that the affidavit in question conforms to the requirements of section 78. It states the nature of the cause of action, not in apt words, perhaps, but sufficiently, so that the case appears to be one in which service by publication was authorized, and that service of summons could not be made in this state on the defendant or defendants to be served by publication. The rule stated in *Atkins v. Atkins,* 9 Neb., 200, that "If there is a total want of evidence upon a vital point in an affidavit, the court acquires no jurisdiction by publication of the summons; but where there is not an entire omission to state some material fact, but it is insufficiently set forth, the proceedings are merely voidable," is the true rule. The proceedings to obtain service by publication should be liberally construed in order that justice may be done.

In *Atkins v. Atkins supra,* there was a total failure to state a material fact in the affidavit,—the nature of the cause of action—hence the affidavit was held insufficient. Where, however, the statement is merely defective, but the essential facts are stated in the affidavit, although somewhat indefinitely, the affidavit will not be void. We hold, therefore, that the affidavit in this case was sufficient, and the judgment of the court below must be affirmed.

Even if the foreclosure proceedings had been void, the right of the plaintiff to bring ejectment without first tendering the amount due upon the mortgage, less the rents and

Oberfelder v. Kavanaugh.

profits, is very doubtful. The statute of limitations certainly would not run against the mortgagee in possession so as to bar his right to the amount due upon the mortgage. This branch of the case has not been discussed in the brief of either attorney, and need not be decided here. See *Kortright v. Cady*, 21 N. Y., 343 and 365. *Hubbell v. Moulson*, 53 N. Y., 225. *Pell v. Ulmar*, 18 N. Y., 139, *Watson v. Spence*, 20 Wend. (N. Y.), 260. *Fox v. Lipe.* 24 Id., 164. *Phyfe v. Riley*, 15 Id., 248. *Van Duyne v Thayre*, 14 Id., 233. *Forgal v. Pirro*, 10 Bosw, 100. *Chase v. Peck*, 21 N. Y., 581, 586. *Roberts v. Sutherlin*, 4 Oregon, 219. *Dickason v. Dawson*, 85 Ill., 53. *Nicholson v. Walker*, 4 Bradw. (Ill.), 404. *Martin v. Fridley*, 23 Minn., 13. *Brinkman v. Jones*, 44 Wis., 498.

The judgment of the court below was clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.