## CALVERT V. CALVERT.

1. PLEADING IN CIVIL ACTIONS — SUFFICIENCY OF COMPLAINT IN DIVORCE.— In considering an assignment of error in a divorce proceeding, that the complaint does not state facts sufficient to constitute a cause of action, if the court can gather the requisite facts from the complaint, as if it charge willful desertion by the defendant, without any reasonable cause, fixing clearly the time thereof, and alleging its continuance for a period of one year, and up to the commencement of the action, it will be held sufficient.

2. ORDER FOR PUBLICATION OF SUMMONS AIDED BY THE RECORD.— An order that service of summons be made on a non-resident by publication and mailing a copy of the writ to the defendant will be sustained, where the order designates a certain newspaper, published at the county seat where the court is held, in which the summons shall be published for the statutory period, describing it as a weekly paper published regularly in this state, the presumption being, in absence of evidence to the contrary, that said newspaper was selected by the officer making the order as the one most likely to give notice to the defendant, as required by the Code of Civil Procedure, although the order does not so state. The objection that the order does not direct a copy of the summons to be " forthwith" deposited in the post-office, addressed to the defendant at her place of residence, is not well taken, the order requiring the posting of a copy of the summons to the defendant " at her last known place of residence," and it appearing that a copy thereof, post paid, was mailed the defendant at her last known place of residence on the day the order was issued.

3. PERIOD OF TIME REQUIRED TO COMPLETE SERVICE BY PUBLICATION. The code provisions that the publication of the summons "shall be made at least once a week for four sucessive weeks, * * * and in case of publication the service of summons shall be deemed complete at the expiration of ten days after the expiration of the time prescribed for publication," mean that the ten days required to complete the service shall commence to run from the date of the last weekly publication, although less than twenty-eight days have elapsed since the first publication.

4. SUFFICIENCY OF AFFIDAVIT TO PROCURE ORDER OF PUBLICATION.— Since the affidavit of non-residence required to procure the order for service by publication of the summons becomes no part of the summons published or mailed, and is to be acted upon exclusively by the clerk, it is only necessary that it contain sufficient to inform the clerk that the defendant is a non-resident, that the plaintiff has a cause of action, and that the defendant is a necessary party thereto. It is not required by our statute that the clerk judicially ascertain, before granting the order, that such a cause of action has been stated in the affidavit as will sustain a judicial decision.

*Error to Bent County Court.*

ACTION by William J. Calvert for divorce from his wife, Mary Jane Calvert. On defendant's failure to appear and answer after service of summons by publication, a final decree of divorce was entered against her by default. To review this decree, defendant brought writ of error.

Messrs. UFFORD & VAN BUREN, REDDIN & ALPIN, and DOUD & FOWLER, for plaintiff in error.

Messrs. MARKHAM & DILLON and WM. E. BECK, for defendant in error.

RICHMOND, C. The writ of error in this case is prosecuted to review a certain judgment rendered by the county court of Bent county. From the original, additional and supplemental transcripts of the records of said county court filed in this proceeding, it appears that, on December 19, 1884, William J. Calvert commenced suit against his wife, Mary J. Calvert, for divorce by filing his complaint in said county court, and causing summons to be issued thereon.

The complaint alleged, in substance, the marriage of the parties November 20, 1859; the residence of the plaintiff in Colorado for a period of twelve months preceding the commencement of the action; that the amount involved does not exceed the sum of $2,000; and that defendant has been guilty of extreme and repeated acts of cruelty towards him, and, at divers days and times since their said marriage, has struck, beaten, bit, and otherwise cruelly abused and ill-treated the plaintiff, and has used vile, abusive and opprobrious language towards him, so that his life has been rendered miserable; that defendant wilfully, and without any reasonable or just cause therefor, deserted and abandoned the plaintiff, and had refused to live and cohabit with him any longer; and that for more than the space of one year, and up to the commencement of this action, has continually absented herself from home, and refused to re-

turn and live with him, and still does, without any fault on the part of plaintiff; and that said act of desertion became completed while plaintiff was a resident of the state of Colorado.

The records further show that, on the day of filing said complaint, an affidavit by the plaintiff was filed in the cause to the effect that he is the plaintiff in the action; that he has good grounds of action against the defendant, as he is informed and verily believes; that defendant is not a resident of Colorado; and that her last known place of residence was Ann Arbor, Mich.; and therefore plaintiff asks that service herein may be made by publication.

The records show that, upon the day of filing said complaint and affidavit, the judge of said court, acting as the clerk thereof, entered an order that service of summons in said action be made by publication, as required by the Code of Civil Procedure of 1877, and that John A. Murphy, publisher of the Las Animas Leader, or his foreman, A. J. Patrick, deposit a copy of the summons in the post-office at West Las Animas, Bent county, Colo., addressed to the defendant at her last known place of residence.

The records also show proof of service of said summons by the affidavit of said A. J. Patrick to the effect that he was the foreman of the Las Animas Leader, a public newspaper printed and published weekly at West Las Animas, in the county of Bent, in the state of Colorado, and that the summons in said cause had been regularly published in four numbers of said paper, for four weeks successively; the first insertion thereof being in the paper dated December 19, 1884, the last in the paper dated January 9, 1885; and that, on said December 19, 1884, he deposited a copy of the summons in the said postoffice at West Las Animas, addressed to the defendant named, at Ann Arbor, Mich.; and that the postage was prepaid thereon.

By the records it further appears that on March 2, 1885, the court found and adjudged that said defendant had been regularly served with process by publication of the sum-

mons heretofore ordered; that, defendant having failed to appear and answer, default was duly entered against her; and, further, that the cause coming on for hearing before the court upon testimony, the material allegations of the complaint were found to be true, and a final decree of divorce was granted. To reverse this decree this writ of error is prosecuted.

The first assignment of error is that the complaint does not state facts sufficient to constitute a cause of action. The complaint mentions two statutory grounds for divorce,— wilful desertion without any reasonable cause for the space of one year, and extreme cruelty. Even if it be admitted that the charge of extreme cruelty is technically insufficient, still the charge of wilful desertion fixes clearly the time of desertion, and its continuation for a period of one year prior and up to the commencement of the action; so we think the complaint sufficient in substance.

In passing upon this question it is enough to say that, if the court can gather from the complaint requisite facts sufficient to constitute a cause of action, the complaint will be held sufficient. Bliss, Code Pl. § 425; *Marix v. Stevens*, 10 Colo. 260.

The second error assigned, to the effect that the affidavit of non-residence of the defendant is not upon the positive oath of the party making it, is met by the supplemental record, whereby it appears that the party positively avers upon oath that the defendant is a non-resident.

The third error assigned is that the order for publication does not designate the paper in which the summons is directed to be published, as the one most likely to give notice to the defendant, as the code provides.

The order was to the effect that service of summons in the above action be made by publishing the same once a week for four successive weeks in the Las Animas Leader, a weekly paper published regularly in this state, and that a copy of said summons be deposited in the postoffice at

West Las Animas, addressed to the defendant at her last-known place of residence.

In the absence of anything to the contrary, we are warranted in assuming that the Las Animas Leader was designated because it was a paper most likely to give the notice to the person to be served; and as the supplemental record discloses the fact to be that the Las Animas Leader was a ·public newspaper published in Bent county, in the town of Las Animas, the county-seat of said county, we think there was sufficient compliance with the statute.

The fourth assignment, that the order of publication does not direct that a copy of the summons be *forthwith* deposited in the postoffice, addressed to the defendant at her place of residence, is without force. We cannot think it necessary that the order should contain this direction *in hæc verba*. The language of the code is: "In case of publication, where the residence of a non-resident or absent defendant is known, the clerk thereof shall also direct a copy of the summons to be forthwith deposited in the postoffice, directed to the person to be served, at his place of residence."

It is a general rule that where anything is required to be done without specifying the time, the law implies that it is to be done presently; not instantly, perhaps, but within a reasonable time, according to the nature of the thing to be done. In this view the omission of the word "forthwith" from the order of publication did not essentially change its legal effect. In their argument against the sufficiency of the order for publication in this case counsel seem to place great reliance on the case of *O'Rear v. Lazarus*, 8 Colo. 608. But the reversal of the judgment in that case was not based upon the insufficiency of the affidavit, or order for publication for the summons, but upon the failure to forward the summons by mail, inasmuch as the affidavit gave sufficient information concerning the actual place of abode of the non-resident defendant. In this case the record satisfacto-

rily shows that the summons, properly addressed, postage prepaid, was deposited in the proper postoffice on the very day the order was entered. Hence, the omission of the word "forthwith," in the order of the court, was not such an irregularity as would warrant us in disturbing the judgment of the court. *Moffat v. Dickson,* 3 Colo. 314; *Brown v. Tucker,* 7 Colo. 30; *Mining Co. v. Johnson,* 13 Colo. 263.

The fifth error is covered by the affidavit of A. J. Patrick, which appears in the supplemental record, to the effect that he did duly forward the summons by mail, as aforesaid.

The sixth error, that the order directing the publication of the summons is not in the alternative,— does not direct that the summons be served by publication or by personal service out of the state,— is not seriously insisted upon in the argument by the plaintiff in error. Suffice it to say, that the code does not require the order to be made in the alternative.

The seventh error, to the effect that the record does not disclose entry of default against the defendant, is covered by the additional transcript, which clearly shows that default was entered of record in proper form.

As to the eighth error complained of, to the effect that the period for the defendant to appear and answer did not expire until the 7th day of March, 1885, instead of on the 2d day of March, 1885, raises one question. Must the language, " once a week for four successive weeks," be construed to mean four weeks of seven days each, to wit, twenty-eight days? This we are inclined to answer in the negative.

In *Brown v. Tucker,* 7 Colo. 30, the method of computation shows that the last publication was October 6th, and that default was entered October 18th, clearly indicating that the ten days which completed the service on the defendant began to run from the last publication,— October 6th,— and this case holds decisively that, at the expiration of the ten days, the court had jurisdiction of the defendant,

but that he had forty days thereafter to answer the complaint.

In *Skiles v. Baker*, 6 Colo. 295, the first publication was November 13th, the last December 4th; judgment by default on December 15th. In this case ELBERT, C. J., says: The defendant had forty days from December 14th in which to answer. The publication ran only twenty-two days; adding the statutory ten days and forty days gives seventy-two days as the period which must elapse from the first publication to date of default. *Haywood v. Russell*, 44 Mo. 253.

This method of computing the time is sufficient, in our judgment, to warrant us in saying that the publication in this case ended on the 9th day of January; that service on the defendant was completed January 19th; and that thereafter the defendant had forty days in which to answer, · which would have expired one day prior to the day that the judgment of default and final judgment was entered. *Swett v. Sprague*, 55 Me. 190.

Under the last assignment of error, defendant in error raises the question of jurisdiction, because the affidavit for publication does not specifically set forth the cause of action; and, in support of this view, he cites many California authorities.

If the provisions of the Code of California were similar to ours, we should feel strongly inclined to follow these authorities, but they are dissimilar. Under the California Code the affidavit of publication is addressed to the court or judge. Under ours, the affidavit is merely clerical, and is acted upon exclusively by the clerk of the court. Under the California practice, non-residence, the cause of action, and the fact that the defendant is a necessary party, is required to be made to the satisfaction of the court or judge, and is construed by the supreme court of that state to demand such legal proofs as will support a judicial decision.

Can it be said that such was the purpose of the legislature in the adoption of the provisions of our code? To say so,

it occurs to us, would be absurd, for, in effect, it would be asking that the clerk of the court must be sufficiently learned in the law to be able to determine, from the language used in the affidavit, that such a cause of action is stated as would sustain a judicial decision.   To require of a clerk such an exercise of judgment, without any knowledge of the law — without any legal attainment upon which he could possibly base a conclusion — would be simply saying to the clerk that he should judicially determine that question.   There can be no certainty in such a case, and, if the effort was made to state a cause of action (if the objection here raised is tenable), then the failure to fully and completely state a cause of action, such as would sustain a judicial decision, in the affidavit, would be equally tenable, and could be urged at any time as a ground for ousting the jurisdiction of a court, which, in all other respects, had obtained jurisdiction of the person.

The complaint was on file, and the affidavit of non-residence followed.   The assertion of a cause of action therein, coupled with the subsequent action of the court in obtaining the jurisdiction by publication, should, in our judgment, be sufficient for our saying that to use the language of the statute in the affidavit, so worded as ours is, is a complete and full compliance therewith.

The affidavit becomes no part of the summons which is mailed,— no part of the summons which is published.   Publication makes no reference to the affidavit, save and except that it appears in the affidavit that the defendant is a non-resident.   The cause of action, the ground of the complaint to which the defendant is expected to object by answer, is fully set forth in the summons mailed to the defendant, as well as in the summons in the paper.   Setting out a copy of the complaint in the affidavit does not in any way contribute to the enlightenment of the defendant in the action, and certainly it does not contribute to the enlightenment of the court; for, with the affidavit, the court has nothing whatsoever to do, nor would it help the clerk.   It goes to

the clerk and the clerk acts upon it, and in his custody, and under his control, is the complaint, which, if he were capable of reading understandingly, and judicially determining, he might possibly consult for the purpose of ascertaining whether or not the plaintiff had a good cause of action against the defendant,— whether or not the defendant was a necessary party to the proceedings. To say in this case that more is required by the statute than is sufficient to inform the clerk that the defendant is a non-resident, that the plaintiff has a cause of action, and that the defendant is a necessary party to the action, is, in our judgment, extending the operation of the code beyond its legitimate purpose, and works out a conclusion utterly at variance with its spirit and letter.

In this case the complaint is filed, the summons is issued, the affidavit of non-residence and that a cause of action exists, and that the defendant is a necessary party follows.

This seems to be a full satisfaction of the directory provisions of the statute. We are inclined to think that the code of Kansas and Nebraska is more ·analogous to that of Colorado than California, and that the view above expressed is supported in the cases of *Bogle v. Gordon*, 39 Kan. 32, and *Fulton v. Levy*, 21 Neb. 478.

The judgment should be affirmed.

I concur: REED, C.

I dissent: BISSELL, C.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*