[No 2]41.   Decided September 2, 1896.]

JOHN J. CARNEY, *Respondent*, v. GEORGE SIMPSON, *Appellant*.

DIVORCE — JURISDICTION OVER PROPERTY — PRESUMPTIONS — DAMAGES FOR DETENTION OF PROPERTY.

Where a decree of divorce awards all the community personal property in the state to the wife, the jurisdiction over all of the property so awarded must be presumed in the absence of a showing to the contrary, and replevin by the husband will not lie to recover a portion of such personal property sold by the wife to a third party.

Where the wife has sold community personal property before the entry of a decree of divorce awarding it to her, and the husband has begun an action to recover same pending the divorce proceedings, he is merely entitled to a judgment for the costs of his action and for damages for detention of the property, when the decree in the divorce proceedings awards the property to the wife.

Appeal from Superior Court, Chehalis County.— Hon. MASON IRWIN, Judge.   Reversed.

*George D. Schofield,* for appellant.
*Hogan & McGerry,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action brought by a husband after a decree of divorce from his wife, to obtain

possession of specific personal property sold by the
wife during coverture. It is conceded by the plaintiff
(respondent here) that the property was community
property, although one of the contentions of the ap-
pellant is that the property was the separate property
of the wife at the time the transfer was made to the
appellant.

There are a great many points raised in this case,
but with our view in relation to one of them, it will
not be necessary to discuss the others. Among other
answers to the complaint, and by way of an affirmative
defense, the defendant pleaded in bar of this action a
decree of divorce and a distribution of the property of
the respondent and his wife, Lestina Z. Carney, the
party from whom the appellant purchased the same.
Under this plea it is contended by the appellant that
the only judgment that could be rendered was judg-
ment for cost of suit, and damages for the detention
of property. We think this contention must be sus-
tained. This case was commenced on the 16th day of
July, 1894, and was tried on the 22d day of May,
1895. The divorce proceedings were commenced on
the 27th day of June, 1894, and the decree entered on
the 29th day of September, 1894. No appeal was
taken from the divorce proceeding. It is apparent
that the decree of divorce is a final adjudication of the
property rights of plaintiff and Lestina Z. Carney.
It is true that the particular property described in
this complaint is not described in the decree. It is
also true that the pleadings under which the decree
was granted were not made a part of the answer in
the case at bar, but in the absence of a showing to the
contrary, jurisdiction of the court to enter the decree
must be presumed, and we think it is a fair pre-

sumption that the rights to all the property in this state were adjudicated in such action.

The decree in this case, outside of the fact that the property is not specifically described, is very full and comprehensive. The sixth finding of the court in the divorce case, which is embraced in the decree, is that the personal property described in said pleadings, mentioning a certain newspaper, and all of the horses, cattle, farming utensils, and all of the household furniture, library, books of account, and all other personal property of every name, nature and description, etc., have been acquired since the marriage of the parties to the action.

As conclusions of law, after describing the real estate, the decree continues that "the newspaper described in said pleadings as the Elma Chronicle, together with the printing presses, job presses, etc., the horses, cattle, stock, farming implements and utensils, household furniture, library, books of account, and all other personal property of every name, nature and description, acquired by the plaintiff and defendant since their marriage is community property, and said plaintiff is entitled to have all of said community property set aside to her for her sole use and benefit, and said plaintiff is entitled to the immediate possession and control thereof."

It seems to us that this decree, fairly construed, awarded all of the community personal property of every name, nature and description to the plaintiff in the divorce proceedings, and inasmuch as it expressly provides that *all* of the personal property shall be awarded to the plaintiff, the jurisdiction over all of the property so awarded must be presumed in the absence of a showing to the contrary, and inasmuch as the property sued for in this case is personal prop-

erty, and the character of personal property described in the decree,—viz., cattle, horses and farming implements,—is the same character of personal property, we are satisfied that the right of the husband to the possession of the same is barred by the decree, which was properly pleaded. The judgment will therefore be reversed, but inasmuch as the action was commenced before the decree was entered, the plaintiff will be entitled to the costs of the action, and would have been entitled to damages for the detention thereof. These damages, however, were determined by the jury to be one dollar. The case will therefore be reversed with instructions to the lower court to enter judgment in favor of the appellant for the sum of one dollar and costs of suit.

HOYT, C. J., and SCOTT and ANDERS, JJ., concur.

GORDON, J., not sitting.