[No. 3814. Decided February 28, 1901.]

MAGDALENE F. GOORE, *Respondent*, v. ESTEN GOORE, *Appellant*.

DIVORCE — SERVICE BY PUBLICATION — AFFIDAVIT — SUFFICIENCY.
Under Bal. Code, § 4877, authorizing summons by publication in actions for divorce, when defendant cannot be found in the state, upon the filing of an affidavit by plaintiff or his attorney, stating he believes defendant is not a resident of the state, and alleging the existence of one of the cases specified in the statute in which publication is permissible, the affidavit in support of service by publication is sufficient, although it states conclusions instead of probative facts, and although it makes no reference to the property of the parties, since the disposition of the property is a mere incident of the divorce and follows from the action itself.

PLEADING — AMBIGUITY — CONSTRUCTION.
Where the language of an affidavit is capable of two constructions, that which is plainly consonant with common sense and the actual facts must be adopted.

SAME — SUMMONS — DESCRIPTION OF PROPERTY INVOLVED.
Where a summons by publication in an action for divorce notifies defendant that one of the objects of the action is to procure "the equitable distribution to plaintiff of the property, real and personal, of plaintiff and yourself," it is sufficient to notify the defendant that the disposition of his separate property, as well as that of the community, is contemplated, since the court has jurisdiction in divorce to dispose of all the property of the parties described in the complaint.

Appeal from Superior Court, Walla Walla County.—Hon. THOMAS H. BRENTS, Judge. Affirmed.

*B. L. & J. L. Sharpstein,* for appellant.

*Wellington Clark,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought as a divorce case, and the decree entered after proof, by default, upon service by publication. After decree, defendant appeared specially and moved to set aside parts of the decree for want of jurisdiction. This appeal raises the question as to the sufficiency of the publication proceedings to give the court jurisdiction to enter the decree, and particularly that part of it which disposes of the real property described therein. The affidavit for publication, omitting the formal parts, is as follows:

"Wellington Clark, being sworn, on oath deposes and says: That he is the attorney for the plaintiff in the above entitled action, and as such attorney therein makes this affidavit for and on behalf of the plaintiff in said action; that he believes that the defendant in said action is not a resident of the state of Washington, and cannot be found therein, but that his place of residence is unknown to said plaintiff and this affiant, and that said action was brought by plaintiff against said defendant for the purpose of securing the dissolution of the bonds of matrimony existing between said plaintiff and defendant under subdivisions 4 and 5 of the last clause of subdivision 6 of section 5716 of the 2d vol. of Ballinger's Code and Statutes of said state, and that good grounds for said action of divorce exist in favor of said plaintiff and against said defendant."

Upon the filing of this affidavit, and return of the sheriff of Walla Walla county to the effect that defendant could not be found, summons was published, omitting the formal parts, as follows:

"The State of Washington to the said defendant, Esten Goore: You are hereby summoned to appear within sixty days after the date of the first publication of this summons, to-wit, within sixty days after the 21st day of December, A. D. 1899, and defend the above-entitled action in the above-entitled court, answer the complaint of the plaintiff therein and serve a copy of your answer upon the under-signed attorney for plaintiff at his office below stated; and, in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint which has been filed with the clerk of said court. The object of said action is to obtain a judgment and decree of said court in favor of said plaintiff against you, forever dissolving the bonds of matrimony existing between said plaintiff and you, and forever divorcing said plaintiff from you, upon the ground of abandonment of the plaintiff by you for one year previous to the 15th day of December, A. D. 1899, of the cruel treatment of plaintiff by you, and for your neglect and refusal to make suitable provision for your family, for the awarding of the custody of Catherine A. Goore and Charles A. Goore, minor children of plaintiff and yourself, to plaintiff during their minority; and of the equitable distribution to plaintiff of the property, real and personal, of plaintiff and yourself. Wellington Clark, Attorney for plaintiff. P. O. address, Walla Walla, Walla Walla county, Washington. Date of last publication February 1, 1900."

The lands involved herein were filed on by defendant under the homestead law of the United States, March 18, 1892. He lived on the land continuously until October 9, 1897. The parties were married on October 23, 1896, and had two children. The decree of divorce was entered March 24, 1900, awarding all the property and both children to plaintiff. The motion to vacate the decree was filed and overruled June 21, 1900. Defendant was not a resident of the state after October, 1898. It is argued here that the court had no jurisdiction to make the decree

herein, for the reasons (1) that the affidavit for publica-
tion would not authorize a publication of summons where
the decree sought affected any property of defendant; (2)
because property was not mentioned therein, and because
the affidavit specifies that *the bonds of matrimony exist*
under certain sections of the statute, and not that the action
is for divorce under those sections; and (3) for the reason
that the summons, as published, would notify the defend-
ant only that the property of the plaintiff and himself
was to be affected, and not his separate property. Section
4877, Bal. Code, is as follows:

"When the defendant cannot be found within the state
(of which the return of the sheriff of the county in which
the action is brought, that the defendant cannot be found
in the county, is *prima facie* evidence), and upon the
filing of an affidavit of the plaintiff, his agent or attorney,
with the clerk of the court, stating that he believes that the
defendant is not a resident of the state, . . . and
stating the existence of one of the cases hereinafter speci-
fied, the service may be made by publication of the sum-
mons, by the plaintiff or his attorney in either of the fol-
lowing cases: . . . 4. When the action is for divorce
in the cases prescribed by law; . . ."

It will be readily observed that there is no requirement
that the affidavit showing non-residence when the action
is for divorce shall mention the property, and such state-
ment was not necessary in order to authorize publication
of summons. The disposition of the property and the
children is a mere incident to the divorce and follows from
the action itself, which is admitted in the argument.
*Adams v. Abbott,* 21 Wash. 29 (56 Pac. 93); *Carney v.
Simpson,* 15 Wash. 227 (46 Pac. 233); *Philbrick v. An-
drews,* 8 Wash. 7 (35 Pac. 358); *Webster v. Webster,* 2
Wash. 417 (26 Pac. 864).

It is no more necessary to mention the property in the

affidavit than it is to mention the children.    It is enough
to say that the defendant cannot be found within the
state, and that the action is for divorce in one of the cases
prescribed by law, naming the case.    Several authorities
are cited by appellant to the effect that the affidavit is
not sufficient to authorize service by publication of sum-
mons, so as to give the court jurisdiction to make any de-
cree, because the conclusions are stated in the affidavit,
and not the probative facts.    These authorities are all un-
der statutes requiring an order of the court for publica-
tion, and it is there held, as in *Forbes v. Hyde*, 31 Cal.
342, that "the ultimate facts of the statute must be proved,
so to speak, by the affidavit, by showing the probatory
facts upon which each ultimate fact depends.  . .  .   .
The ultimate facts stated in the statute are to be found,
so to speak, by the court, or judge, from the probatory
facts stated in the affidavit, before the order for publica-
tion can be legally entered."    Under the statute of Wash-
ington, *supra,* no such order is required.    The summons
is not even issued by the clerk and no judicial determina-
tion is required before publication.    When the ultimate
fact is *stated* substantially in the language of the statute,
publication may be made.    This court held in *DeCorvet
v. Dolan*, 7 Wash. 365 (35 Pac. 72, 1072), at p. 367,
as follows:

"But the statement that the defendants reside out of
the territory is the statement of a fact, and is all that need
be said upon the subject.    The statute does not make it
necessary to show where the defendants resided.    This
is immaterial, so that they were non-residents.  .   .   .
The statute clearly makes the fact that the defendant re-
sides out of the territory ground for obtaining service
by publication; and upon an affidavit made to that effect
the summons is issued by the clerk as a matter of course,
it not being necessary to obtain any order from the court

or judge for that purpose, as is the case in most of the states before service by publication is authorized. Statutes authorizing service upon non-residents by publication are constitutional, and the jurisdiction is dependent upon a compliance with the statute providing for the publication. Brown on Jurisdiction, § 51. We are of the opinion that, in this instance, the affidavit was sufficient to warrant the service had."

In *Ervin v. Milne,* 17 Mont. 494 (43 Pac. 706),—a Montana case,—the court, in distinguishing the cases previously passed upon under the statute which required an order of the court for publication from the statute then under consideration, say:

"We are satisfied that the act of the clerk under the law of 1887, in causing the summons to be published, being a ministerial act—it is necessary only to present the application by affidavit to him as a ministerial officer; and that a judicial question should not be submitted; and that the clerk should not be required to determine from the probative facts whether the ultimate facts exist; and that, as a consequence, the probative facts need not be set forth in the affidavit presented to the clerk, but that the ultimate facts are sufficient; and that the affidavit submitted to the clerk is sufficient, if it sets forth, substantially in the language of the statute, enough of the ultimate facts recited in the statute as reasons for the publication of the summons."

In *Calvert v. Calvert,* 15 Colo. 390 (24 Pac. 1043), the court say, at page 397:

"The complaint was on file, and the affidavit of non-residence followed. The assertion of a cause of action therein, coupled with the subsequent action of the court in obtaining the jurisdiction by publication, should, in our judgment, be sufficient for our saying that to use the language of the statute in the affidavit, so worded as ours is, is a complete and full compliance therewith. . . . To say in this case that more is required by the statute

than is sufficient to inform the clerk that the defendant is a non-resident, that the plaintiff has a cause of action, and that the defendant is a necessary party to the action, is, in our judgment, extending the operation of the code beyond its legitimate purpose, and works out a conclusion utterly at variance with its spirit and letter. In this case the complaint is filed, the summons is issued, the affidavit of non-residence and that a cause of action exists, and that the defendant is a necessary party follows. This seems to be a full satisfaction of the directory provisions of the statute. We are inclined to think that the code of Kansas and Nebraska is more analogous to that of Colorado than California, and that the view above expressed is supported in the cases of *Bogle v. Gordon*, 39 Kan. 32, and *Fulton v. Levy*, 21 Neb. 478."

In *Fulton v. Levy*, 21 Neb. 478 (32 N. W. 307), the court say:

"It will be seen that this view of the question conforms to the requirements of § 78. It states the nature of the cause of action, not in apt words, perhaps, but sufficiently so that the case appears to be one in which service by publication was authorized, and that service by summons could not be made in this state on the defendant or defendants to be served by publication."

The rule stated in *Atkins v. Atkins*, 9 Neb. 200 (2 N. W. 466), that, if there is a total want of evidence upon a vital point in an affidavit, the court acquires no jurisdiction by publication of the summons, but where there is not an entire omission to state some material fact, but it is insufficiently set forth, the proceedings are simply voidable, is the true rule. The proceeding to obtain service by publication should be liberally construed, in order that justice may be done. In *Atkins v. Atkins, supra*, there was a total failure to state a material fact in the affidavit,— the nature of the cause of action. Hence the affidavit was held insufficient. Where, however, the statement is

merely defective, but the essential facts are stated in the affidavit, although somewhat indefinitely, the affidavit will not be void. We hold, therefore, that the affidavit in this case was sufficient, and the judgment of the court below must be affirmed. See, also, *Gillespie v. Thomas*, 23 Kan. 138; *Easton v. Childs*, 67 Minn. 242 (69 N. W. 903).

It will be seen that there is a clear distinction between the statutes requiring a judicial determination and those where the publication is a mere ministerial act. While it would have been better practice to have named the "cause prescribed by law," such as abandonment for one year, cruel treatment, etc., yet there is not a total want of statement of the cause in the affidavit; and we are not disposed to disturb the decree because the practice might have been more perfect.

It is argued that the affidavit is not sufficient, because it states that "the bonds of matrimony exist" under certain sections of the Code. It is true that the wording of the affidavit is susceptible of such a construction but no one would place such a construction upon it unless particular attention were called to it. The meaning of the affidavit is plain,—that the action is brought for divorce under the subdivisions named,—and is sufficient to uphold the publication of summons so as to give the court jurisdiction.

It is also urged that the summons published would only notify defendant that the community property of plaintiff and defendant would be affected, and not his separate property. This also is placing a narrow and technical construction upon the language used in the summons. The language of the summons is, "the equitable distribution to plaintiff of the property, real and personal, of plaintiff and yourself." This language certainly would notify defendant that plaintiff was asking for a distribution of property. It was not necessary for the particular property

to be described in the summons.  *Philbrick v. Andrews,
supra; Webster v. Webster, supra.*  The court had juris-
diction to dispose of the property described in the com-
plaint, whether it was the separate or community property,
or otherwise.

Finding no error in the record, the cause will be af-
firmed.

REAVIS, C. J., and DUNBAR, FULLERTON and ANDERS,
JJ., concur.