[No. 3,242.]

## J. J. TRUMAN *v.* H. E. ROBINSON AND SAMUEL POORMAN.

SERVICE OF SUMMONS IN TAX CASE.—*In an action to recover judgment for taxes, in which real estate is made a party, the summons on the real estate may be served by delivering a copy thereof to the person or persons in possession, or by posting a copy in some public place thereon, as provided in the Revenue Act of 1861, or by publishing the summons for eight weeks, as provided in the Act of 1862.*

IDEM.—The provisions of the Revenue Acts of 1862 and 1864, as to service of summons on real estate in tax cases, do not repeal the provisions in the Revenue Act of 1861 upon the same subject, but are merely cumulative.

RECITAL IN JUDGMENT OF SERVICE OF SUMMONS.—A recital in a judgment rendered for a tax on real estate, that all owners and claimants of the property have been duly summoned to answer the complaint, and have made default, is proof of those facts.

LEGISLATIVE POWER.—The Legislature has power to provide that a recital in a judgment, that the summons has been served on all the defendants, and that they have made default, shall be proof of such facts, and it is not within the province of the Courts to declare such law void.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

Ejectment to recover the north one third of lot three, in the block bounded by Front and Second and O and P streets, in the City of Sacramento. The plaintiff relied on the title acquired at the tax sale mentioned in the opinion. The tax suit was brought December 20th, 1865, to recover judgment for the tax of 1865.

The plaintiff recovered judgment, and the defendants appealed.

The other facts are stated in the opinion.

*A. P. Catlin*, for Appellants.

The tax suit was under the Act of May 12th, 1862 (Laws 1862, p. 520), and the Act of April 4th, 1864 (Laws 1863–4, p. 399). These are the only Acts which provide for the proceeding by foreclosure in equity, and both require eight weeks' publication of summons, and forty days after publication, before judgment by default can be rendered. (Hittell, p. 949, Sec. 3; p. 950, Sec. 6; p. 952, Sec. 1.)

"In determining the question whether a want of jurisdiction is apparent upon the face of the record, we must look to the whole of it, and report the responses of all its parts." (*Hahn* v. *Kelly*, 34 Cal. 407.)

In this case (*Hahn* v. *Kelly*) the rule in support of presuming the verity of final judgments was carried as far as is safe. It never has been claimed that a judgment should be supported in asserting a legal impossibility.

*P. Dunlap*, for Respondent.

This recital brings the case fully within the case of *Hahn* v. *Kelly*, 34 Cal. 402, and the judgment in this respect cannot be impeached in a collateral action. (*Reiley* v. *Lancaster*, 39 Cal. 355; *Hahn* v. *Kelly*, 34 Cal. 402, *et seq.*; *Carpentier* v. *City of Oakland*, 30 Cal. 446, *et seq.*)

The respondents contend that it is a matter of no consequence whether the jurisdiction appears affirmatively upon the judgment roll or not, for if it does not it will be conclusively presumed that what ought to have been done to give the Court jurisdiction was done. (*Hahn* v. *Kelly*, 34 Cal. 402, *et seq.*)

Section forty-one of the revised Act of May 17th, 1861, provides "that a summons shall be issued as is provided in civil cases, and shall be served by delivering a copy thereof to each defendant named, and as to said real estate or improvements, by delivering a copy thereof to the person or

persons in possession of the same; and further, as to all real estate, by posting a like copy in some public place thereon; provided, that if the personal defendant cannot be found in the county in which the action is brought, then service may be made upon such defendant by posting a copy of the summons for twenty days, at the Court House door of said county." (See Stats. 1861, p. 433.)

The above Act still remains in force, without amendment.

The Acts of May 12th, 1862, and of April 4th, 1864, referred to in appellants' fourth point, are not the only Acts which provide for proceeding against real estate delinquent for the non-payment of taxes, but are only cumulative.

By the Court, CROCKETT, J.:

The plaintiff's title to the demanded premises is deraigned through a proceeding commenced in the District Court in 1865 to subject the land to sale, for the payment of delinquent taxes. In support of his complaint, he put in evidence the complaint, summons, and judgment in the tax suit, and the Sheriff's deed, together with the order of sale or copy of the decree issued to the Sheriff. It appears that the tax suit was commenced against one Vantine, and certain fictitious defendants, and also against the real estate. A summons was issued, which was personally served on Vantine, as appears by the Sheriff's return; but there was no proof of service on any one else or on the real estate, except in so far as the recitals of the judgment prove service. Vantine's default was entered, and the judgment recites that it appeared to the satisfaction of the Court "that all owners and claimants of the property above described have been duly summoned to answer the complaint herein and have made default in that behalf." The defendant claims that in a proceeding *in rem* against the real estate, the statutes then in

force provided that service could only be made by publication of notice for eight weeks, and that a judgment by default could not be entered until the expiration of forty days after the service was complete. He insists, therefore, that it affirmatively appears on the face of the record that the real estate could not have been served, inasmuch as the requisite time for the publication had not transpired between the commencement of the action and the entry of the judgment; and it is insisted that for this reason the judgment against the real estate was void, and the Sheriff's deed conveyed no title. But I think service by publication was not the only method of acquiring jurisdiction over the real estate.

Section forty-one of the Revenue Act of 1861 (Stats. 1861, p. 433,) provides that in an action against the real estate, the summons may be served " by delivering a copy thereof to the person or persons in possession of the same; and further, as to all real estate, by posting a like copy in some public place thereon." By the third section of the Act of May 12th, 1862 (Stats. 1862, p. 520), it is provided that in such actions service of the summons " may be made by publication of a copy of the summons once each week for eight successive weeks, in a newspaper published in the county in which the action is commenced; the service of the summons shall be complete at the expiration of the time of such publication." Section five provides that as against the real estate, and all persons claiming an interest therein, the publication shall be equivalent to a personal service, " and shall bind the interest of every owner and claimant thereof, whether such owner or claimant is named as a party to such action or not." Section six provides that if no answer be filed within forty days after the publication is complete, the facts stated in the complaint shall be deemed to be true, and the Court shall have the same jurisdiction, and its judgment shall have the same effect, as if every owner and claimant had been made defendant, and had been personally served.

Section nine provides that " the remedies authorized by this Act are cumulative, and shall not be construed as prohibiting any remedy, process, or proceeding heretofore authorized; provided, that in those counties where there is no newspaper published, service of such summons and execution shall be made as in former laws prescribed." It is quite apparent that the Act of 1862 was not intended to abolish any existing methods provided by law for the collection of delinquent taxes, not inconsistent with that Act, nor to prohibit "any remedy, *process* or *proceeding* " theretofore authorized. The mode of service prescribed by the Act of May 17th, 1861, comes within this category, and was, therefore, not repealed or abrogated by the Act of 1862. But on the 4th April, 1864, another Act was passed (Stats. 1863–4, p. 399), the first section of which provides that in all actions for the collection of taxes on real estate where an order of sale is claimed in the complaint, if the summons shall be served by publication and no answer shall be filed within forty days after the publication is complete, or if service is made in any other manner, if no answer be filed within the proper time, default shall be deemed to be made by the defendants, " and it shall not be necessary that any findings be filed, nor that the decree state or recite any matter of fact; but a recital that all owners and claimants of the property have been duly summoned to answer the complaint, and have made default, shall be proof of those facts." The fourth section provides that the Act of May 17th, 1861, the Act of May 12th, 1862, and several other statutes, " so far as the same are not inconsistent with the provisions of this Act, are hereby made applicable to proceedings under this Act." So far from repealing the Act of May 17th, 1861, it expressly retains such of its provisions as are not inconsistent with the Act of 1864. Taking all these Acts together, the intent of the Legislature is obvious, to provide new and, as it was supposed, more effective reme-

dies for the collection of delinquent taxes without materially abridging existing remedies. The latter statutes and the remedies which they provide are declared to be " cumulative, and shall not be construed as prohibiting any *remedy, process,* or *proceeding* heretofore authorized." These statutes, therefore, did not abrogate the " remedy " provided by the Act of May 17th, 1861, or the mode prescribed by that Act for enforcing the payment of the tax. The summons in this case may have been served as required by section forty-one of that Act; and if so the service would be valid. Nor is it necessary, in this case, to resort to the general principles of law which establish the conclusive nature of recitals in judgments under certain circumstances. As already stated, the statute declares what shall be the effect of such recitals as those contained in the judgment under consideration, in respect to the service of process. It explicitly provides that such recitals shall be proof of the fact that all owners and claimants of the property had been duly summoned to answer the complaint and had made default. It is not within the province of the Courts to nullify this provision.

Judgment affirmed.