[No. 3,802.]

## NANCY J. BRANSON AND LOUIS BRANSON *v.* MATHEW CARUTHERS AND ISABELLA CARUTHERS.

WHEN JUDGMENT RECITES SERVICE OF PROCESS.—If the statute provides, that a recital in a judgment enforcing a lien for a tax which states, that all owners and claimants of the property have been duly summoned and have made default, shall be proof of the matters thus recited, the judgment containing such recital cannot be attacked in a collateral action, for want of service of process.

DELIVERY OF A DEED.—The production, on a trial, by the attorneys of the plaintiff, of a deed to him, is sufficient evidence of its delivery to and acceptance by him, to justify its reception in evidence, without any further proof of delivery or acceptance.

DEED AS EVIDENCE.—In an action by the wife to quiet-title to land alleged to be her separate property, if her husband is a party plaintiff, and she produces on the trial, a deed of gift of the property made by him to her, a prior deed of bargain and sale to her from a third person, may be received in evidence to complete the chain of title.

ERROR IN EXCLUDING TESTIMONY.—An error of the Court in excluding the evidence of a witness does not injure a party, if the witness is afterwards permitted to testify fully as to the matter excluded.

TESTIMONY IN ACTION TO HAVE A TRUST DECLARED.—In an action to have a party declared a trustee, and to compel him, as such, to convey land alleged to have been acquired by him from a third party as trustee of the party complaining, testimony on behalf of the latter party, as to whether he knew that the other was about to make the purchase, is irrelevant.

CONFLICT IN EVIDENCE—NEW TRIAL.—Where three witnesses who testify to a matter are contradicted by only one, and he is a party to the record, and, on another point, his testimony conflicts with his sworn answer, it is not a case of substantial conflict in the evidence, and a finding of the Court in favor of the party to the record will be set aside.

ATTORNEY IN A CASE WHO BECOMES A WITNESS.—There is no rule of law which prohibits an attorney of record, who is a witness in a case from summing it up before the Court or jury. If a rule of the Court prohibits such attorney from arguing a case without permission of the Court, the Court may give such permission.

APPEAL from the District Court, Eighteenth Judicial District, County of San Diego.

Nancy J. Branson, was the wife of Louis Branson, and was sole plaintiff when the action was commenced. She averred in her complaint, that she was in the possession of a lot, one hundred feet by two hundred, at the north-east corner of block one hundred and eighty-seven, in Horton's addition to the city of San Diego; that the same was her separate property, and that the defendants claimed an estate therein adverse to her, and their claim was without right. She asked the Court to decree that the defendants had no interest in the lot, and that they be forever barred from asserting any claim to the premises. The complaint was filed October 22, 1872. The defendants answered, denying the allegetions of her complaint, and by way of cross-complaint setting up, that about the 1st of July, 1872, they, at the solicitation of Louis Branson, the husband of the plaintiff, employed him as their attorney and agent to look after their land in San Diego, and that he entered upon the employment, and while investigating the condition of their land, discovered that the land in dispute had been sold for delinquent taxes, and that D. C. Reed had a tax deed therefor. That he then commenced negotiations with Reed to purchase it for his own benefit, but gave out that he was purchasing it for the use of the defendants as the real owners. That he did purchase it of Reed and paid him about $150, in money and property therefor, which was not the separate property of his wife, but common property, and that he, for the purpose of defrauding the defendants, made a deed of gift of the property to his wife, Nancy J.,

and that she had notice of the facts. That the defendants, on the 28th of October, 1872, tendered Branson $195, and demanded a conveyance, which the plaintiff refused, and that Louis Branson was a necessary party to the suit. The defendants asked that the plaintiff and her husband be decreed to execute to them a conveyance of the lot. On motion of defendants, Louis Branson was made a party plaintiff, and answered the cross-complaint separately. In his answer, he denied the alleged employment, or that he investigated the condition of the defendants' property, or that he ever pretended that he was buying the lot for the use of the defendants, or that he bought it for his own use, or that he paid for it with common property, but averred that he bought it for the use of his wife, and paid for it out of her separate property, and that he acted as her agent in buying it. The case was tried before the Court without a jury, and the Court found:

"That at the time of the commencement of this action the plaintiff, Nancy Jane Branson, was and she still is the owner of and in possession of the premises described in the complaint.

"That on the 13th day of August, 1872, Louis Branson purchased the premises of one D. C. Reed, for a valuable consideration, the said Reed being at the time of said sale the owner thereof, having previously purchased the same at a sale by the Sheriff on a judgment for delinquent State and County taxes, and said Louis Branson, at such purchase, took a deed of the premises from said Reed in the name of the plaintiff, Nancy Jane Branson.

"That on the 19th of October, 1872, said Louis Branson conveyed said premises to Nancy Jane Branson by deed of gift.

"That at the time of such purchase by said Louis Branson he was not in the employ of said defendants, or either of them, for any purposes connected with the said premises, nor at any other time.

"In addition to the foregoing finding of facts, at request of plaintiffs, for a finding as to defendants' title, I find from the evidence on this trial, that neither of the defendants ever owned the premises in controversy."

On the trial, the plaintiff offered in evidence, the judgment-roll in the case of *The People* v. *John Doe, Richard Roe and Phoebe Roe*, and the real estate described, as block 187 in Horton's addition to the city of San Diego, The defendants objected to the evidence as irrelevant, but the Court overruled the objection. The judgment-roll consisted of a complaint to enforce a lien for the tax of 1869, a summons on which was a certificate of the Sheriff, that he served it on the 21st day of January, 1871, by posting a copy on the Court House door of the county of San Diego, and a judgment which commenced with the following recital:

"In the above entitled action, all owners and claimants of any right, title or interest in the said described real estate, having been duly summoned to answer the complaint on file in said entitled action, and having made default therein."

The plaintiffs then introduced in evidence an order of sale and the Sheriff's return thereon, that he sold the property to D. C. Reed.

The plaintiffs then offered in evidence the Sheriff's deed to Reed, to which the defendants objected, but the Court overruled the objection.

The plaintiffs then offered in evidence a quit-claim deed of the lot from Reed to Nancy J. Branson, dated August 13, 1872, which recited a consideration of $200, paid by the party of the second part. The defendants objected to the deed on the ground that it conveyed the premises to Louis Branson and his wife, while the action was brought by the wife alone for her separate property. The Court overruled the objection, and the defendants excepted. This was the third exception.

The plaintiffs then offered in evidence, a deed of gift of the lot from Louis Branson to his wife, dated October 17, 1872. The defendants also objected to this deed, because there was no proof of delivery to the wife, and that there was no proof that it had ever been in the possession of the wife. There was an endorsement on this deed that it was filed for record October 22, 1872, at the request of Louis Branson. The Court overruled the objection and the de-

fendants excepted.    This was exception No. 4.    The plaintiffs then rested.

Matthew Caruthers, one of the defendants, was then sworn on behalf of the defendants, and the attorney for the defendants proceeded to ask him questions as to whether he had employed Louis Branson as an attorney, to look after and manage the defendants' real estate.    The plaintiffs objected to these questions, as they were put in different forms, and the Court sustained the objections.    The exceptions to these rulings of the Court are numbered "fifth, sixth, seventh and eighth."

D. C. Reed was called as a witness by the defendants, and gave testimony in relation to his sale of the property. The witness was then asked if he told Caruthers that Branson was about buying the property.    The plaintiff objected to the question as irrelevant, and the Court sustained the objection.    The defendants excepted, and this was the ninth exception.

The eleventh exception was taken to the finding of the Court, that Branson conveyed the lot by deed of gift to his wife, because there was no testimony that the deed was delivered.

The twelfth exception was as follows:

"Defendants except to the findings of the Court, 'that at the time of such purchase by said Louis Branson of the premises in controversy, from D. C. Reed, he was not in the employment of said defendants, or either of them, for any purpose connected with said premises, nor at any other time,' on the grounds: 1. That said finding is contrary to the evidence in the case.    2. That there is no evidence in the case to warrant said finding."

The thirteenth exception was as follows:

" Defendants except to the additional finding of fact of the Court as follows: 'I find from the evidence on the trial, that neither of the defendants ever owned the premises in controversy,' on the ground that said finding is against the evidence in the case."

After the evidence in the case had been closed on both sides, Louis Branson, as attorney of the plaintiff, his wife,

and who was also a party to the suit, and who had offered himself as a witness for plaintiff, and who was sworn and gave evidence on the merits on behalf of the plaintiff, offered to argue the case to the Court on the part of the plaintiff, whereupon counsel for defendants objected, and called the attention of the Court to the following rule of the Court:

"Rule IX.—When counsel not to argue.—If the attorney or counsel of either party offer himself as a witness on behalf of his client, and give evidence on the merits on the trial, he shall not argue the case, unless by consent of the opposite party, or by permission of the Court."

The Court permitted said Louis to proceed with his argument in the case, to which ruling and permission of the Court, the defendant excepted. This was the fourteenth exception. The Court gave judgment for the plaintiffs, and the defendants appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion.

*J. N. Hartman* and *G. N. Hitchcock*, for the Appellants.

The recital in the judgment that the parties were served amounts to nothing, when the contrary appears in the judgment-roll. (*Hahn* v *Kelley*, 34 Cal. 391.)

Here it appears that service of summons was made, but not in the manner required by law. When summons is to be served by publication, the affidavit of publication constitutes a part of the judgment-roll. (Code C. P. 670; *Sharp* v. *Daugney*, 33 Cal. 506.)

Merely executing a deed and delivering it to the Register for registry, is no delivery, unless the grantee so direct it, or subsequently assent to it. (*Maynard* v. *Maynard*, 10 Mass. 456; *Sampson* v. *Thornton*, 3 Met. 275; *Barr* v. *Schroder*, 32 Cal. 616.)

An attorney or agent cannot place himself in a position adverse to that of his principal or client. (1 Parsons on Con. pp. 74, 86; Story's Eq. Jur. Vol. 1, Secs. 310, 322; Hill on Trusts, *160, note 3.)

*W. T. McNealy* and *Louis Branson*, for the Respondents.

Appellants' first point, that the tax judgment was void because positive proof was not made of service of the summons by publication, is certainly not well taken. The decree in the tax suit recites due service, which is conclusive. (*Eitel* v. *Foote*, 39 Cal. 439; *Hahn* v. *Kelley*, 34 Cal. 391.) The filing of the deed for record, its execution a day or two before, and the circumstances attending this case, prove conclusively a delivery of the deed.
(*Hodge et al.* v. *Drew*, 12 Pick.)

By the Court, CROCKETT, J.:

The first point of the defendants, to the effect that the judgment in the tax suit was void for want of a service of process, is answered by the case of *Truman* v. *Robinson*, 44 Cal. 623, in which we discussed the same statutes under which these proceedings were had. We there held that under the Revenue Act of April 4, 1864, a recital in the decree "that all owners and claimants of the property have been duly summoned to answer the complaint, and have made default shall be proof of those facts." The first section of the Act expressly so provides. (Statutes 1863–4, p. 399.) It is therefore unnecessary to invoke the general doctrine announced in *Hahn* v. *Kelley*, 34 Cal. 391., and other subsequent cases, as to the conclusive effect of the judgments of Courts of general jurisdiction. The statute having declared the effect of such recitals as proof in this class of cases, "it is not within the province of the Courts," as we said in *Truman* v. *Robinson*, "to nullify this provision." The second exception relating to the admission in evidence of the Sheriff's deed, is untenable for the same reason.

The third and fourth exceptions are also without force. Louis Branson, at the instance of the defendant, having been made a party plaintiff with his wife, and the deed of gift having been produced by the plaintiffs at the trial, the bargain and sale deed from Reed to the wife was competent evidence, and the production of the deed of gift by the attorneys of the wife was sufficient evidence of its delivery

and acceptance. If the Court erred in its rulings in excluding certain questions propounded to the witness Caruthers, or the answers thereto, as set forth in the fifth, sixth, seventh and eighth exceptions, it was productive of no injury to the defendants, inasmuch as Caruthers was afterward permitted to testify fully to all the matters to which these exceptions relate. The question propounded to the witness, Reed, as shown in the ninth exception, was irrelevant and was properly excluded. The tenth exception, to the effect that the finding as to the possession of Mrs. Branson at the commencement of the action was not justified by the evidence, and is untenable. Branson testified positively to her possession, and that he inclosed it for her. It was for the Court below to decide upon his credibility. The eleventh exception as to the delivery of the deed of gift need not be further noticed.

The twelfth exception presents the most serious questions in the case. The Court finds that at the time of the purchase by Branson from Reed, he (Branson) "was not in the employ of said defendants, or either of them, for any purposes connected with said premises (the land in controversy) nor at any other time." This finding is attacked on the ground that it was not justified by the evidence, and we think the point is well taken. One of the defendants, Mathew Caruthers, testifies explicitly to Branson's employment to look after "our real estate business and all our business; we made a positive agreement that he should look after our real estate business, and do the best he could for us." Another witness, Faivre, testified to a conversation with Branson, in which he said "that he was Mr. Caruthers' sole agent for real estate; that he had it all in his hands, and he showed me the map he had." Another witness, Perrin, also testified to a conversation with Branson, in which "he said he was their (the defendants') agent in real estate matters, and also their attorney."

The only evidence, of any importance, in rebuttal was that of Branson himself, who testified that he had been employed by the defendants as an attorney-at-law, to defend two suits against them in respect to other property than this,

and had negotiated a loan for them upon a mortgage of other property. But he denied explicitly any other employment or agency of any character. His credibility, however, is much weakened by the fact that in his sworn answer to the cross-complaint he denies that the consideration paid to Reed was paid "out of the common property of the said Louis and Nancy Jane Branson, but he alleges that the same was paid for out of the separate funds of the said Nancy Jane Branson;" while, on his examination as a witness, he testified that the consideration paid to Reed was a gold watch and thirty dollars in cash, which were his own property; and the Court finds that he purchased the property for a valuable consideration, took a deed for it to his wife, and afterward conveyed it to her by a deed of gift.

The conflict between these two statements is apparent. Some misapprehension or misunderstanding must have occurred at the trial, and we do not think that evidence given under the circumstances can safely be relied upon as the basis of the judgment given below in favor of the plaintiff, or that the finding of the Court below is to be upheld here under the rule in respect to findings where there is a substantial conflict in the evidence.

In our view of the case, the thirteenth exception becomes immaterial, and the fourteenth is untenable. There is no rule of law which prohibits an attorney of record who is a witness in a cause from summing it up before the Court or jury; and the rule of Court which is invoked allows it to be done "by permission of the Court." In this case the permission was granted.

The plaintiff's motion to strike out the defendants' bill of exceptions is denied.

Order and judgment reversed, and cause remanded for a new trial.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.