REVERSED AND DISMISSED.

THE other judges concur.

---

MARY MAJORS v. NICHOLAS N. EDWARDS ET AL.

FILED JANUARY 4, 1893.   No. 4749.

1. **Summons:** AFFIDAVIT FOR SERVICE BY PUBLICATION: SERVICE.   An affidavit for service by publication was in the following form: "Isaac Edwards, being duly sworn, deposeth and saith that he is the attorney for said plaintiff; that said John Edwards is not in the state of Nebraska, and that said Mary Majors is a non-resident of said state of Nebraska, and is now absent from said state; that service of a summons cannot be made within the state of Nebraska on the said defendant to be served by publication, and that the case is one of those mentioned in the seventy-seventh section of the Code of Civil Procedure, and further saith not." *Held,* That as the object of the action was specified in sec. 77 of the Code, that there was not an entire omission to state the material facts showing a right to make service by publication and therefore it was not void, and that a decree of foreclosure rendered upon constructive service based on such affidavit would be sustained.

2. ———: ———.   A mistake in the title of an affidavit is immaterial after judgment.

ERROR from the district court of Douglas county.   Tried below before WAKELEY, J.

*John W. Lytle,* for plaintiff in error.

*Breckenridge, Breckenridge & Crofoot,* and *Kennedy, Gilbert & Anderson, contra.*

MAXWELL, CH. J.

This is an action to redeem lots 9, 10, 11, 12, 13, 14, 15, and 16, in block 27, in Wilcox's 2d addition to the city of Omaha. The court below found the issues in favor of the defendant and dismissed the action. It appears from the record that in the year 1878 one John Edwards brought an action in the district court to foreclose a mortgage on said lots; that the sole defendant was the plaintiff in this action; that she was a non-resident of the state and service was had upon her by publication; that a decree of foreclosure was duly rendered and the property sold to one Nicholas N. Edwards, who has conveyed to various parties. The sole ground upon which the right to redeem as claimed is that the affidavit for publication is insufficient to give the court jurisdiction. The affidavit is as follows:

"In the District Court in and for the County of *Messar* and State of Nebraska.

"JOHN EDWARDS }
        v.          }
MARY MAJORS. }

"STATE OF NEBRASKA, } ss.
  COUNTY OF DOUGLAS. }

"Isaac Edwards, being duly sworn, deposeth and saith that he is the attorney for said plaintiff; that said John Edwards is not in the state of Nebraska, and that said Mary Majors is a non-resident of said state of Nebraska, and is now absent from said state; that service of a summons cannot be made within the state of Nebraska on the said defendant to be served by publication, and that the case is one of those mentioned in the seventy-seventh

section of the Code of Civil Procedure, and further saith
not.                                    ISAAC EDWARDS.

"Subscribed in my presence and sworn to before me this
14th day of October, 1878.          WM. H. IJAMS,
                                            "*Clerk.*"

The objections to said affidavit are set forth in the peti-
tion as follows: "That said affidavit does not set forth the
nature of the action, nor a description of the property in con-
troversy, nor that said property is in Douglas county, nor
that it is an action in which the statute permits the service
by publication, nor the court in which the action is pend-
ing; and that the notice of publication is not sufficient
in law, in not being proved by an affidavit of the printer
of the newspaper in which it was published, nor his fore-
man or principal clerk, by reason whereof the court had no
jurisdiction to render said decree."

Sec. 77 of the Code is as follows: " Service may be made
by publication in either of the following cases: *First*—In
actions brought under the 51st, 52d, and 53d sections of
this code, where any or all of the defendants reside out of
the state. *Second*—In actions brought to establish or set
aside a will, where any or all of the defendants reside out
of the state. *Third*—In actions brought against a non-
resident of this state, or a foreign corporation, having in
this state property or debts owing to them, sought to be
taken by any of the provisional remedies, or to be appro-
priated in any way. *Fourth*—In actions which relate to,
or the subject of which is, real or personal property in
this state where any defendant has or claims a lien or in-
terest, actual or contingent, therein, or the relief demanded
consists wholly or partially in excluding him from any in-
terest therein, and such defendant is a non-resident of the
state or a foreign corporation. *Fifth*—In all actions where
the defendant being a resident of the state has departed
therefrom, or from the county of his residence, with intent
to delay or defraud his creditors, or to avoid the service of

a summons, or keeps himself concealed therein with like intent."

The principal case relied on by the plaintiff to secure a reversal is *Atkins v. Atkins*, 9 Neb., 191. That was an action for a divorce, and the affidavit was as follows:

"STATE OF NEBRASKA, } ss.
  LANCASTER COUNTY. }

"Henry Atkins, being first duly sworn, on oath says: That he is the plaintiff in the above entitled action; that service of summons cannot be made within this state on the defendant; Rebecca Atkins, on whom service by publication is desired, and that this cause is one mentioned in section No. 77, of title V of the Revised Statutes of Nebraska as amended.        HENRY ATKINS."

It will be observed that section 77 does not apply to divorce proceedings, there being a special provision in the statute relating to divorce and alimony, which regulates the service when made by publication. The difficulty in the Atkins case was that there was no positive statement of the plaintiff under oath as to the nature of the cause of action, to show that the court had authority in the premises to grant a decree. Had these facts appeared in the affidavit it would not have been void, even if informally or defectively stated, provided there was not an entire omission of some material fact. In the case at bar, however, there is not an entire omission to state the nature of the cause of action. It is stated informally, it is true, and it would be much better to state directly, that the object of the action was to foreclose a mortgage upon real estate, but sufficient is shown to entitle the plaintiff to make service by publication. The mistake in the title of the affidavit is immaterial after a decree is rendered. The judgment is therefore right and is

AFFIRMED.

THE other judges concur.