ALEXANDER D. GWIN ET AL., APPELLANTS, V. T. HENRY
FREESE ET AL., APPELLEES.

FILED OCTOBER 6, 1911.   No. 16,977.

1. **Taxation**: FORECLOSURE OF LIEN: JURISDICTION. In an action to foreclose a lien for taxes, when the action is against the land itself, and the petition, duly verified, contains the allegation that the owner of the land is unknown, the court will not be without jurisdiction for want of such allegation in the affidavit for service by publication.

2. ———: TAX SALE: COLLATERAL ATTACK. The sheriff's sale, based on such a decree of foreclosure, after it has been examined and confirmed by the court which rendered the decree, is not subject to collateral attack for irregularity.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*M. F. Harrington,* for appellants.

*Charles H. Kelsey* and *J. W. Rice, contra.*

BARNES, J.

Action in the district court for Antelope county to set aside a sheriff's deed based on a tax foreclosure decree against a quarter section of land situated in that county, and to redeem from the tax lien upon which the decree was based. The defendants had the judgment, and the plaintiffs have appealed.

The plaintiffs' petition in this action sets forth the following facts: That one Charles A. Gwin obtained a receiver's receipt for the quarter section of land in question on the 12th day of July, 1887; that thereafter, and on the 31st day of January, 1890, a patent was issued to him therefor by the United States government, and that he thereby became the owner of the land in fee simple; that he was the owner thereof at the time of his death, which occurred in Antelope county, Nebraska, on the 4th day of December, 1887; that he died intestate, and that plaintiffs are his heirs; that on the 5th day of December, 1900, the county of Antelope commenced an action to foreclose its tax lien, and named Charles A. Gwin, Mrs. Gwin, his wife (name unknown), and the land in question as defendants.

The petition further sets forth the facts relating to the tax lien, together with all of the foreclosure proceedings, including the service, the decree, sale, confirmation and sheriff's deed; and alleged that the district court which rendered the tax foreclosure decree had no jurisdiction of the parties to, or the subject matter of, that action. Plaintiffs also attacked the manner in which the sheriff's sale was conducted. To this petition the defendants filed a

general demurrer, which the trial court sustained. The plaintiffs elected to stand upon their petition, judgment was rendered dismissing their action, and they now contend that the judgment of the district court was erroneous for the reasons above stated.

It is argued that the land in question was not made a party defendant in the tax foreclosure proceeding, and that the affidavit for service by publication was insufficient to confer jurisdiction upon the court to pronounce the decree of foreclosure. It appears from the abstract that the land was named as a party defendant in the title and petition in the foreclosure suit, and in the notice published for service. It was also alleged in the petition that the owner of the real estate in question was unknown to the plaintiff, and the petition was duly verified. By section 1, art. V, ch. 77, Comp. St. 1899, which was in force at the time the foreclosure proceedings were had, it was provided, among other things, that any person might bring an action to foreclose a tax lien; and in the case of *Lancaster County v. Trimble,* 34 Neb. 752, it was held that in a legal sense a county was a person, and that the provisions of article V applied to counties. By section 3, art. V, it was provided: "All petitions for foreclosure or satisfaction of any such tax lien shall be filed in the district court in chancery, where the lands are situated." By section 4 it was further provided: "Service of process in causes instituted under this chapter shall be the same as provided by law in similar causes in the district courts, and where the owner of the land is not known the action may be brought against the land itself, but in such case the service must be as in the case of a nonresident; if the action is commenced against a person who disclaims the land, the land itself may be substituted by order of the court for the defendant, and the action continued for publication."

The land in question was made a defendant in the foreclosure suit, and the fact that the land was named as a defendant in the plaintiff's petition in that case and in the

published notice for service, together with the allegation contained therein, which was duly sworn to, "that the owner of said real estate is unknown to the plaintiff," was sufficient upon that point to give the court jurisdiction of the cause of action.

It also appears that the usual affidavit for service by publication was filed; that thereupon such substituted service was had, which was regular in all respects; but it is contended that the failure to allege in the affidavit for service by publication that the owner of the land was to the plaintiff unknown rendered such publication void, and therefore the court was without jurisdiction to pronounce the decree of foreclosure. On the other hand, the defendants contend that the statute nowhere provided for the filing of an affidavit in order to procure service by publication where the owner of the land was unknown to the plaintiff.

As far as we are able to ascertain, this question is before us for the first time. The parties have cited no authorities which directly determine this point, and after a somewhat extended research we have failed to find any; but in some of our former decisions, and in tax foreclosure cases determined in other jurisdictions, we find expressions which are of some assistance in disposing of this question. The case of *Leigh v. Green*, 62 Neb. 344, was one attacking a tax foreclosure decree for want of jurisdiction. In that case it appeared that the land was made a party defendant in the foreclosure suit; service was had by publication only; there was an affidavit, alleged to be fatally defective, which contained a statement that the owner of the land was unknown; the decree was held valid and not subject to collateral attack; and it was said, among other things: "One of the grounds urged against the sufficiency of the affidavits is that the object of the action is not set forth. Each affidavit contains the following statement: 'This case is one of those named in section 77, title V, of the code of civil procedure of the state of Nebraska.' In *Majors v. Edwards*, 36 Neb. 56,

this court held that such a statement of the object was sufficient, although at the same time it intimated that the better practice would be to set out the object of the action more fully. But it will be observed that the language above quoted is followed by the further statement, 'and is an action relating to real property in said state, in which the defendants have or claim a lien or interest, actual or contingent, and the relief demanded consists, wholly or partially, in excluding the defendants from any interest therein.' Plaintiff contends that, assuming that the object is sufficiently stated by saying that the action is one of those named in said section 77, the subsequent statement renders the affidavit invalid, for the reason that the object thereby stated is different than that sought in the actions, and that such statement being specific must prevail over the general statement. It must be kept in mind that an affidavit for service by publication is not required for the information of the defendant as to the nature and object of the action. The sole purpose of such an affidavit is to enable the court upon inspection to determine whether the action is one in which jurisdiction may be obtained by service by publication; when it is sufficient for that purpose, it serves the only purpose for which it is intended. The affidavits under consideration, fairly construed, mean that the actions, wherein they were respectively filed, were those named in section 77, title V, of the code of civil procedure, and that the relief demanded consisted in part of excluding the defendant Root from any interest in the lands described. The relief sought by those actions was the foreclosure of certain tax liens on the several subdivisions of the land, and the sale thereof, for the satisfaction of the amount found due. In the petitions filed in the several cases it is alleged 'that the owner of said land is not known, and the defendant Henry A. Root has, or claims, some interest therein.' The prayer of each, in part, is for the adjudication that plaintiff's tax lien is a first lien on the land, and that the deed issued in pursuance of such proceedings be an absolute

bar against each and all of the defendants, and for such other and further relief as may be deemed equitable in the premises. In our opinion, the affidavits were sufficient to advise the court of the nature of the actions, and that the actions were of such a character that it could acquire jurisdiction by service by publication. It follows, therefore, that the affidavits were sufficient for all purposes, especially when assailed in a collateral proceeding."

That case was again before this court, and our former judgment was adhered to. See *Leigh v. Green*, 64 Neb. 533, where it was said: "When the owner of the land is not known to the holder of a tax-certificate, and cannot be found upon reasonable inquiry, the holder of such certificate may make the land a party to foreclosure proceedings; and in such case allegations in the petition and an affidavit for service by publication on information and belief, to the effect that the owner is unknown, are sufficient as against collateral attack." It was further said: "Whether or not, in such case, the plaintiff may join as defendants persons claiming some interest in the land, if the land is properly made a party, such joinder could at most be an irregularity only, and would not affect the validity of the proceedings when attacked collaterally." It was also held: "If the land is properly made a party, and jurisdiction over it is duly acquired by publication of notice, a sale under decree of foreclosure creates a new and independent title, and bars all pre-existing interests or liens." The petition attacked in that case and the one in the case at bar are alike; and in view of the foregoing, when we take into consideration the fact that our statute, at the time the foreclosure proceeding was had, made no direct provision for the filing of an affidavit in order to obtain service by publication when the owner of the land was unknown, and contained no statement as to what such an affidavit, if it were filed, should contain, together with the fact that the plaintiffs' petition in the foreclosure case contained a positive and direct statement that the owner of the land embraced in the tax lien sought to be

foreclosed was unknown, we are of opinion that the court had jurisdiction in that case, and that the decree of foreclosure which was rendered therein is not subject to collateral attack. Therefore the plaintiffs' contention upon this point cannot be sustained. We are confirmed in this view of the question by Black, Tax Titles (2d ed.) sec. 170; *Payne v. Lott*, 90 Mo. 676; *Goldworthy v. Thompson*, 87 Mo. 233; *Coombs v. Crabtree*, 105 Mo. 292; *Eitel v. Foote*, 39 Cal. 439; and *Truman v. Robinson*, 44 Cal. 623. In the California cases it was held that, where, as in the case at bar, the findings in the decrees were that due and legal service had been made upon all of the defendants, the decrees could not be collaterally attacked on the ground of defective service.

As to the plaintiffs' contention that the sale was void, it may be said that there is no allegation in the petition that it was not necessary to sell the entire tract of land to satisfy the decree; or that any less than the amount sold would have brought enough to discharge the tax lien and costs of foreclosure suit. Again, where it appears, as it does in this case, that the sale was examined and confirmed by the court rendering the decree, that question is not an open one in a collateral attack upon the proceedings in the foreclosure suit.

For the foregoing reasons, we are of opinion that the judgment of the district court was right, and it is therefore

AFFIRMED.