THEODORE J. MILLER, APPELLEE, V. HOMER C. BOARDMAN,
APPELLANT.

FILED MARCH 14, 1913.  No. 17,084.

1. **Tax Foreclosure: PROCEEDINGS IN REM: PLEADING.** Section 4, art. V, ch. 77, Comp. St. 1899, allows an action *in rem* to be brought against the land itself as defendant in tax foreclosure proceedings: (1) Where the owner of the land is not known; (2) where the action is commenced against a person who disclaims ownership. In order to confer jurisdiction upon the court to proceed *in rem* upon the first ground, it is essential that it be, made to appear by a direct allegation in the petition that the owner of the land is not known, and the mere naming "the unknown owner of said land" in the title as a party defendant does not amount to an allegation of want of knowledge.

2. ———: ———. In tax foreclosure proceedings which are brought *in rem* against the land itself, the requirements of the statute and all conditions precedent must be strictly complied with in order to confer jurisdiction upon the court.

APPEAL from the district court for Perkins county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*B. F. Hastings* and *Wilcox & Halligan,* for appellant.

*McGilton, Gaines & Smith, contra.*

LETTON, J.

This is an action to cancel and set aside a deed based upon the foreclosure of a tax lien and for permission to redeem. The petition is very lengthy and sets forth the facts with much detail. A demurrer was filed and overruled; and, the defendant refusing to plead further, a decree was rendered in plaintiff's favor, from which defendant appeals.

The facts pleaded are substantially as follows: In 1894 the plaintiff, who was a resident of Peoria, Illinois, was the owner in fee of 160 acres of land in Perkins county, described as the northwest quarter of section 3, township

24

11, range 40. In 1883 the land was sold by the Union
Pacific Railway Company to one Lance under a ten-year
contract, and in 1884 Lance assigned the contract to
plaintiff, who completed the payments in January, 1894;
but, owing to the fact that his contract had been mislaid
so that it could not be surrendered, a deed was not issued
to him by the Union Pacific Railway Company until De-
cember, 1905. When plaintiff received his deed he at once
sent it to the clerk of Perkins county for record, and at
that time he learned for the first time that tax foreclosure
proceedings had been instituted and a sheriff's deed issued
under the same. In the tax foreclosure proceedings, in
August, 1901, a petition was filed entitled "Homer C.
Boardman, Plaintiff, v. The Northwest Quarter of Section
3, in Township 11, Range 40, in Perkins County, Ne-
braska, and the Unknown Owner of said Land, the Union
Pacific Railway Company, Defendants." The petition
alleged the purchase of the land by the plaintiff from the
county treasurer at tax sale, the issuance of a tax sale
certificate, and the payment of subsequent taxes, and
prayed for a foreclosure. It was verified, as follows: "H.
E. Goodall, first being duly sworn, deposes and says that
he is the duly authorized attorney of the plaintiff in the
above entitled action; that said plaintiff is absent and is
a nonresident of the county of Perkins, and state of Ne-
braska; that the tax sale certificate and tax receipts
herein sued on are in my hands as such attorney; that I
have read the foregoing petition, and that the facts and
allegations therein contained are true, as I verily believe.
H. E. Goodall." An affidavit for service by publication
was filed on August 14, 1901, with the same title as the
petition, which set forth at length the object and prayer
of the petition, and contained the following additional
statement: "Affiant further says that the defendants, the
unknown owners of said land are non-residents of the
state of Nebraska, and that service of summons cannot
be had upon said defendants, or either of them, within
this state. Wherefore plaintiff prays that service may be

had on said defendants by publication." A notice directed to the defendants named in the title of the petition was duly published. A default was taken and a decree of foreclosure rendered in October, 1901. The premises were afterwards advertised for sale, sold by the sheriff, and the sale confirmed by the court. Before the affidavit for publication was filed, Mr. Goodall wrote to the Union Pacific Railway Company to the effect that he held a tax foreclosure certificate upon this tract of land for a client; that title is apparently still in the company; and that if the company had any interest in it he would advise his client to accept a redemption. In reply to his letter, the land commissioner of the railway company wrote Mr. Goodall that the land was sold in 1883 to A. S. Lance of Arlington, Bureau county, Illinois, and that final payment was received in January, 1894, from one Theo. J. Miller, who claimed to own the land, whose address at that time was 211 Main street, Peoria, Illinois. The letter also informed him that the railway company had no pecuniary interest in the land, but only held the naked legal title. The petition alleges that Goodall was attorney for Boardman; that he received the letter from the land commissioner, and knew when he filed the petition to foreclose who the real owner of the premises was.

Section 4, art. V, ch. 77, Comp. St. 1899, which was in effect when the foreclosure suit was begun, provides: "Service of process in cases instituted under this chapter shall be the same as provided by law in similar causes in the district courts, and where the owner of land is not known, the action may be brought against the land itself, but in such case the service must be as in the case of a nonresident; if the action is commenced against a person who disclaims the land, the land itself may be substituted by order of court for the defendant, and the action continued for publication." The statute allows an action to be brought against the land itself in only two instances, one where the owner of the land is not known, and the other where the action is commenced against one who

disclaims. In order to confer jurisdiction upon the court to proceed *in rem* against the land, it must be made to appear that the owner is not known. It has been held that it is sufficient that this be made to appear by a direct allegation in the petition, and that, if this has been done, it is unnecessary to again show it in the affidavit for service by publication; but we think it has never been decided that the mere naming of a defendant as "the unknown owner of said land" in the title amounts to an allegation of want of knowledge on the part of the plaintiff or the affiant as to who the owner may be. Neither in the petition nor in the verification is there a statement or allegation that the name of the owner is unknown to plaintiff or affiant. When we consider admissions made by the demurrer as to the facts pleaded of knowledge by Goodall of the purchase of the land by Lance, and the making of the final payment by Theo. J. Miller, who then claimed to be the owner, the reason why no such allegation is to be found is apparent. In all probability Mr. Goodall would be much averse to making either a statement or an affidavit that the owner was unknown, and he very properly refrained from so doing.

Actions *in rem* against the land itself are special statutory proceedings, and the requirements of the statute must be strictly complied with. Since the jurisdiction of the court to proceed purely *in rem* depended upon the fact of ignorance as to the ownership of the land, and this fact was neither alleged nor established, the condition precedent demanded by the statute was not fulfilled, and the court never acquired jurisdiction. The case is not one where a material fact is insufficiently set forth, in which case such a defect is held to be a mere irregularity (*Atkins v. Atkins*, 9 Neb. 191, 200); but it is, as said in that case, "a total want of evidence upon a vital point." *Leigh v. Green*, 64 Neb. 533; *Gwin v. Freese*, 90 Neb. 15.

The judgment of the court was right and is

AFFIRMED.