ROBERT E. JONES ET AL., APPELLANTS, V. JABE B. GIBSON ET AL., APPELLEES.

FILED APRIL 11, 1930. No. 27185.

*E. D. Crites* and *F. A. Crites*, for appellants.

*Shurtleff & Spillman, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ., and LIGHTNER, District Judge.

DEAN, J.

This is an injunction suit begun by Robert E. Jones and Jennie E. Jones, his wife, as plaintiffs, in the district court for Dawes county, wherein they sought to enjoin the defendants, Jabe B. Gibson, as owner of a tax sale certificate, and Vet Canfield, sheriff of Dawes county, from proceeding with the sale of 1,200 acres of land owned by plaintiffs pursuant to the provisions of a tax sale certificate under which the tax foreclosure suit was begun. From an order dismissing their petition the plaintiffs have appealed.

Plaintiffs obtained a mortgage deed to the 1,200-acre tract of land, which was made, executed, and delivered to them October 14, 1920, by the then owners of the land, namely, Benjamin A. Thornton and Elsie M. Thornton, his wife. And it is alleged that the mortgage deed was given to secure the payment of a certain promissory note in the principal sum of $9,000, executed by Thornton and his wife, and that the mortgage was foreclosed by the mortgagees as against the Thorntons, September 24, 1924, and, on May 5, 1926, the sale of the land was confirmed by the court. Subsequently, on appeal, the above judgment, November 29, 1927, was affirmed.

Gibson purchased the above tax sale certificate November 6, 1922, and began a foreclosure proceeding thereon October 10, 1927. In his petition he alleged that "the own-

er of the said real estate described in this cause of action is unknown and cannot be found and for that reason said real estate is made a party defendant to said action."

On the merits, Jones and wife, as plaintiffs, contend that the affidavit of defendant Gibson, to which reference is hereinafter made, is false and untrue, and they allege that they, as owners of the real estate in suit, appeared of record, and that the summons which was served on the Thorntons, then residing on the premises, had no force and effect as against the plaintiffs, and that the court was therefore without jurisdiction to proceed against the land. It may here be noted, however, that the record discloses that the plaintiffs did not appear of record as owners of the land until the filing of a sheriff's deed February 9, 1928, and that, as above noted, the defendant Gibson began the tax foreclosure proceeding October 10, 1927, which was about four months before the sheriff's deed was filed of record.

Defendant Gibson, in his brief, argues that, although the district court confirmed the sale of the land on application of the plaintiffs, pursuant to their mortgage foreclosure suit, the appeal of the mortgage foreclosure proceedings was then pending and undetermined in this court at or about the time defendant began the above proceeding, and that the owner of the land was therefore "unknown." It appears that the plaintiffs' deed was not recorded until February 20, 1928, and the tax foreclosure proceeding, as noted above, was begun October 10, 1927, and therein this averment appears, namely: "That the owner of the real estate above described and named as party defendant in said action, and each particular tract thereof, is unknown and cannot be found." Section 6092, Comp. St. 1922, provides:

"The plaintiff may also at his option make any or all of the parcels of land described in his petition a defendant, and, in case the owner of any such parcel of land shall be unknown and cannot be found, may proceed against the land itself, but in such case the service must be as in the case of a nonresident defendant."

In *Leigh v. Green*, 64 Neb. 533, we said: "When the owner of the land is not known to the holder of a tax certificate and cannot be found upon reasonable inquiry, the holder of such certificate may make the land a party to foreclosure proceedings; and in such case allegations in the petition and an affidavit for service by publication on information and belief, to the effect that the owner is unknown, are sufficient as against collateral attack."

And in a later case, namely, *Gwin v. Freese*, 90 Neb. 15, we held: "In an action to foreclose a lien for taxes, when the action is against the land itself, and the petition, duly verified, contains the allegation that the owner of the land is unknown, the court will not be without jurisdiction for want of such allegation in the affidavit for service by publication."

In the present case, of course, the affidavit of defendant did allege that the owner of the land was unknown. And where a deed to real estate has not been recorded by the purchaser thereof until after the institution of proceedings to foreclose a tax sale certificate thereon, under section 6092, Comp. St. 1922, and the plaintiff in such case filed with his petition the required affidavit that the owner of the land is unknown and cannot be found, and that he therefore made the land a party to the foreclosure action, the court thereby acquires jurisdiction thereof to proceed in the premises under the above act.

Plaintiffs allege that defendant's cause of action in the tax foreclosure suit is barred by the statute of limitations and that it was not brought within the statutory period named in section 6097, Comp. St. 1922, which provides:

"If the owner of any tax sale certificate shall fail or neglect to demand a deed thereon, or to commence an action for the foreclosure of the same within five years from the date of the sale, such tax sale certificate shall cease to be valid or of any force or effect whatever, and the real estate covered thereby shall be forever released and discharged from the lien of all taxes for which the same was sold."

As noted herein, defendant's tax sale certificate is dated

November 6, 1922, and he began foreclosure proceedings October 10, 1927, which was clearly within the time that would prevent the application of the statute of limitations from barring the beginning of an action to foreclose the tax lien against the land in suit. The five-year period allowed by the statute would not have expired for almost thirty days after the action was begun.

From an examination of the record and the law applicable thereto, we conclude that the judgment of the district court is right and must be and it hereby is in all things

AFFIRMED.