[No. 6480.]

BURNS V. REPUBLICAN PUBLISHING CO.

LIBEL—*Charge of Bribery*—To falsely publish of another anything tending to bring him into odium is libelous *per* se, e. g., that the person mentioned had been guilty of corrupting a jury, in a cause pending in another state, and this, whether the act was or was not a criminal offense, by the law of such other state.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Messrs. THOMAS, BRYANT & MALBURN, for plaintiff in error.

Messrs. WARD & WARD, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error brought an action against defendant in error to recover damages for an alleged libel. To his complaint defendant interposed a motion to strike certain paragraphs, which was sustained. To the complaint as it then stood, the defendant interposed a general demurrer, which was, also, sustained. Plaintiff elected to stand by his complaint, and his action was dismissed.

The sole question to determine is the sufficiency of the complaint, when tested by the general demurrer, as it stood after the motion to strike was sustained. It alleged, in substance, (after stating that defendant owns and publishes, in the city of Denver, a daily newspaper known as "The Denver Republican," and that an action at law had been instituted by James Doyle against him in the district court, at Council Bluffs, Iowa,) that a trial before a jury resulted in a verdict

in. favor of this plaintiff, Burns,. and that later Doyle filed a motion for a new trial, based upon various and divers grounds, which motion was sustained.   It then alleged:

"That on, to-wit, the 17th day of October, A. D. 1907, the said defendant did print and publish in its said paper, the Denver Republican aforesaid, and did circulate and cause to be circulated therein and thereby, the following false and defamatory statement with reference to the said case and said motion for a new trial of and concerning this plaintiff, to-wit: 'Burns (meaning this plaintiff) fought the case (meaning the said case of Doyle against this plaintiff in said Pottawatamie county, Iowa), and a third trial was ordered, in which Burns (meaning this plaintiff) was entirely successful; but in April, 1905, Doyle procured evidence that Burn s(meaning this plaintiff) had bribed the jury in the last case (meaning the jury in the last trial of said case), and his proof was so strong that Judge Greenwald set aside the verdict (meaning the said verdict in favor of this plaintiff in said case) in favor of Burns (meaning thereby that the said verdict was set aside on account of bribery of the jury by this plaintiff)'."

The complaint also alleged "that in truth and in fact the said motion for a new trial was expressly overruled, denied, and refused by the said judge, as to each and every charge and statement therein contained, charging this plaintiff with such bribery, and was sustained for entirely different and distinct grounds and reasons therefor."   Special damages were not claimed.

The statement quoted in effect charges that plaintiff was found guilty of bribery, when, in fact, according to other averments of the complaint, this statement was not true.  The complaint avers that it is false, nor can it be said the statement is a mere narration of what occurred in the Iowa court, for the complaint further avers that in truth and in fact the motion for a new trial upon the grounds of the alleged bribery was denied, and expressly overruled.

On behalf of defendant it is contended that the language of the statement is not actionable *per se*, for the reason it is not charged that bribing a jury is an offense in Iowa. We do not deem it necessary to go into this question. A false writing published of another of a character which manifestly tends to charge him with the commission of an act which will make him the subject of odium is libelous *per se*. *Republican Publishing Co. v. Mosman*, 15 Colo. 397. The demurrer should have been overruled.

The judgment of the district court is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and Remanded.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER not participating.