·J. M. WALKEEN, Doing Business as the J. M. Walkeen Millinery Company, *Appellant*, v. KATHLEEN BROWN et al., *Appellees*.

No. 17,924.

HEADNOTE BY THE REPORTER.

FRAUDULENT CONVEYANCE—*Question of Fact.* Where the only question was whether certain conveyances were made to defraud creditors, and the trial court on conflicting evidence found for the defendants, such finding will not be disturbed.

Appeal from Norton district court.    Opinion filed January 11, 1913.    Affirmed.

*I.. J. Ringolsky,* of Kansas City, Mo., and *R. W. Hemphill,* of Norton, for the appellant.

*L. H. Wilder,* of Norton, for appellee Mrs. Lizzie Heekin.

*Per Curiam:* Plaintiff obtained a judgment against Kathleen Brown for $385 and costs on an account for merchandise sold to her while she was engaged in the millinery business at Norton.

This is a creditor's bill in which plaintiff seeks to have certain real-estate conveyances and chattel mortgages executed by the judgment debtor to her codefendants declared void and the property subjected to plaintiff's judgment. The case was tried to the court and judgment was rendered in favor of defendants. Plaintiff appeals.

The only question the trial court had before it was one of fact, whether the conveyances were fraudulent. The fact that they were made to relatives, that some were made without a valuable consideration or for a merely nominal sum, were circumstances tending to establish plaintiff's contention, but they were not conclusive. It is insisted that Kathleen Brown's testimony was false and contradictory, but the trial court heard her explanation of each transaction, there was other evidence tending to corroborate her testimony, and the weight of all the evidence was for the trial court and not for this court. The authorities cited in appellant's brief all concede that whether conveyances of the kind involved are fraudulent is a question of fact.

The judgment is affirmed.