## No. 8771.

### FARMERS' LIFE INSURANCE COMPANY v. WEHRLE ET AL.

1. LIBEL—*Publication imputing fraudulent and dishonest conduct,* is clearly liberous.

   In absence of evidence of the truth of what is charged in the libel a verdict for the defendant must be set aside.

2. *Truth of the libel,* is not to be left to the jury where there is no evidence of its truth.

3. *Evidence—Competency.* Defendant admitting the publication charged is not to be heard to say that it had no reference to plaintiff. The jury are to ascertain its intent from the words thereof.

*Error to Saguache District Court, Hon. Charles C. Holbrook, Judge.*

*Department.*

Mr. E. M. SABIN and Mr. T. C. ASHLEY, for plaintiff in error.

Messrs. PALMER & TRUE and Mr. JAMES P. VEERKAMP, for defendants in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error brought suit against the defendants in error to recover damages for the publication of alleged libelous matter. The jury returned a verdict for the defendants, and judgment was entered accordingly. The matter alleged to be libelous was published in a newspaper owned and conducted by the defendants, and reads as follows:

"In another place we are printing the first installment of a severe arraignment of the Farmer's Life Insurance Company. The name is a misnomer, as no such company exists; but they are selling about $3,000,000 in stock and when it is sold, if ever, they expect to begin writing insurance. If these concerns were such money makers as the glib-tongued agent would have you believe, why do they not get the financiers of the money centers to buy it. The fact

is they cannot be induced to buy because they *know* there is nothing in it, and it must be sold to people who do not know the real conditions.   Give these grafters a wide berth. Learn to say no to them good and strong.

One of these suave, oily, glib-tongued gentry who recently had some notion, for a few minutes at least, of bringing a $10,000 damage suit against the Post-Dispatch, but learned differently when he consulted his bosses, purchased a tract of land in Saguache County for his company for about $12,-000 and in the deal traded a few thousand dollars of worthless stock on the same.   The place was only worth about $6,000 and to top it all off another party had an option on the land and stated that he expected to have it renewed for another twelve months.   This company will now place this land among its estimated assets to fool some other unsuspecting victim whom they hypnotize into buying some stock."

The answer admitted the publication of and concerning the plaintiff of all of the first paragraph down to and including the word "conditions"; denied that the remainder of the publication referred to the plaintiff; and plead the truth of what was admitted to have been published of and concerning the plaintiff.

The plaintiff introduced evidence of the filing of its articles of incorporation, with the Secretary of State, and of the issue of a license or commission by the Commissioner of Insurance authorizing the parties named in the articles of incorporation to open books and receive subscriptions to the stock of the company.   It also introduced evidence tending to show that the publication of the alleged defamatory matter had caused a loss of many hundreds of dollars, by reason of subscribers for shares refusing to pay their subscriptions.   It is urged that there was no evidence to support the plea of the truth of the matter admitted to have been published concerning the plaintiff; that the matter was libelous per se, and that the court erred, in several of the instructions in submitting to the jury the question of the truth of these matters.   It is also urged that there is

error in the ruling by which one of the defendants was allowed to say that the reference to grafters, etc., did not apply to the plaintiff.

The court allowed defendant Wehrle to testify at length as to his investigation of the plaintiff's company, and of other newly formed companies, as well as to the letters which he wrote, and which he received in such investigation; but all of this was limited, by the court, to the question of punitive damages. On a careful review of the Abstract, and the supplemental Abstract filed by the defendants, we are unable to find any evidence tending to support the plea of the truth of the admitted publication of and concerning the plaintiff. The gist of such an action is the injury to plaintiff's reputation, and when words are libelous *per se*, the law presumes damages. *Republican Publishing Co. v. Conroy*, 5 Colo. App. 262, 38 Pac. 423.

The article is clearly libelous since it charged plaintiff with fraudulent and dishonest conduct, such as would bring it into odium and disrepute, and necessarily injured the plaintiff's reputation and business. *Republican Publishing Co. v. Mosman*, 15 Colo. 399, 24 Pac. 1051; *Burns v. Republican Publishing Co.*, 54 Colo. 100, 128 Pac. 1122; 2 Add. Torts, sec. 1089.

In the absence of evidence to sustain the plea of justification, a verdict for the defendants should have been set aside, and a new trial granted.

The court erred also in permitting the defendant, Wehrle, over plaintiff's objection, to tell the jury that the greater part of the publication did not refer to the plaintiff. In such cases, the jury must determine from the language published what is the fair meaning of it. The defendant cannot avoid the effect of the language used by testifying that it did not mean what would naturally be inferred to be its meaning.

The court erred also in submitting to the jury by its instructions the issue of the truth of the admitted charge against plaintiff. We have already found that there was

no evidence introduced upon that issue, and to instruct upon it was clearly to confuse the jury.

The judgment is reversed, and the cause remanded to the District Court.

*Reversed.*

Chief Justice White and Mr. Justice Hill concur.